(Supreme Court, Special Term, Greene County. March, 1900.)

1. MUTUAL INSURANCE COMPANIES—DIRECTORS' ELECTION—POLICY HOLDERS—RIGHT TO VOTE.

Under Laws 1848, c. 47, permitting persons applying for insurance in mutual companies to pay a definite sum of money in full for such insurance, and providing that the fund thus obtained by the company, and the premium notes received, shall constitute the capital of the company for the payment of losses and expenses, the cash-paying policy holders are members of the company, and are entitled to vote for directors, and to hold office in the company.

2. SAME.

At an election of directors for a mutual fire insurance company, the directors voted for by one faction of the policy holders had a majority of the votes cast, if the votes of cash-paying policy holders were counted. An opposing faction, however, claimed that only note-giving policy holders were entitled to vote, and, though they had sufficient votes of the two classes together to give them the majority, and had the opportunity of casting the votes of cash-paying policy holders, after the other faction had presented such votes, they refrained from doing so, insisting that such votes should not be counted. Held, that the directors receiving a majority of the two classes of votes should be declared elected.

Proceedings to determine the election of directors of the Mutual Fire Insurance Company of Albany. At such election petitioners had 1,982 votes for their candidates, of which 870 were cast by policy holders whose premiums were paid wholly in cash, which votes the election inspectors rejected, and declared an opposition board, which received 1,347 votes of note-paying policy holders, elected. Judgment for petitioners.

Scherer, Downs & Towner and Lewis E. Carr, for petitioners.
Hun & Johnston, and Learned Hand, for defendants.

CHASE, J. Since this matter was finally presented to me a few days since, I have not been able to give it the attention I had hoped to give it, or the attention its importance would seem to demand. My engagements now, including this trial term, will prevent me from giving the matter much attention for some time to come. Our appellate division meets to-day, and an immediate decision by me will enable the parties interested to have the matter presented at this term of the appellate court. I have concluded to express briefly my views orally, that the necessary orders can be prepared and signed at once.

[1] Reversed on appeal, see 64 N. Y. Supp. 646.

°The important legal question involved is as to whether a person holding a policy in the company, for which a cash premium has been paid, is a member of the company. My conclusion is that both note-giving and cash-paying policy holders are and have been, since the statute of 1848, members of the company, entitled to vote for directors, and to hold office in the company. Such is my conclusion from reading the statutes and from the decisions of the courts. The cash-paying policy holders as well as the note-giving policy holders furnish the capital of the company, and the cash-paying policy holders, alike with the note-giving policy holders, are subject to the possibility, remote though it be, of having the entire capital made up of cash and notes, and the personal liability exhausted, and a loss under their policy being uncollectible by reason of bad management. This remote possibility may be emphasized by assuming a maximum number of cash-paying policy holders and a minimum number of note-giving policy holders. Assuming, as I do, that every policy holder has a right to vote, I come to what occurred on the 22d day of January, 1900, at the annual election. I find the petitioners herein had at the meeting proxies on 2,007 votes, made up of 1,112 votes on note-giving policies and 895 votes on cash-paid policies. These proxies were obtained without fraud or deception, and they, with the votes, were all delivered to the inspectors, and retained by them. The old board of directors, or at least the active members thereof, had known from 10 or half past 10 of that morning that a contest was to be had. It is quite certain from the papers that they relied and intended to rely upon the claim that cash-paying policy holders had no right to vote. The persons voting for the old board of directors cast their votes, and saw them counted on their note-giving policies only, without a word of protest. After the votes in favor of the petitioners were actually presented, there was sufficient time for the persons now claiming that they had sufficient votes on cash-paid policies to have overcome the petitioners' votes to have presented them, and demanded of the inspectors that they be counted; but they voluntarily refrained from so doing. They evidently preferred to stand on their legal claim. The certificate of the inspectors shows the number of votes cast as claimed by them. It also contains a statement that 895 votes were presented for the petitioners upon policies on which a cash premium had been paid, and that the attorney of the company protested against their being counted on the ground that such policy holders were not entitled to vote, and that they were rejected. There is no suggestion in the certificate of the inspectors that any other votes had been presented. The persons now specially interested had an opportunity to present their votes on cash-paid policies, but voluntarily refrained to so do, and rest their election on the legal claim as to who were members of the company. I think the inspectors should have counted the votes on cash-paid policies, and declared the petitioners elected.

It now appears that John H. Farrell and Edward P. Williams were not eligible for election. The other 11 persons I declare elected. As to two places in the board there was no election. An order may be prepared accordingly. In view of the importance of the

matter, I will direct that the order so made be entered, and that a stay be granted on condition that, if an appeal be taken, and the matter be actually heard at this term of the appellate division, the stay to be continued until the decision of the appellate division or the further order of this court. If the matter is not heard at this term of the appellate division, the stay to be vacated.

Ordered accordingly.