demand as large a supply of water as his wants or desires should indicate. On the trial he is for the first time confronted with the claim that the well was drilled under a contract that required him to accept it if it furnished water sufficient for cooking and drinking purposes only. Under such a contract the jury might very well find that he did accept 180 gallons as sufficient, or they might even find that, whether he did or not accept it, he ought in reason to have done so, inasmuch as it was an ample supply under the terms of the agreement under which the well was drilled. If, however, the question had been presented to the jury whether the defendant had accepted 180 gallons an hour as a performance of the written contract, as it must have been had the issue tendered by the complaint alone been tried, a very different condition would have been presented, and a very different result might have been reached. It may be that, had the defendant been apprised by the complaint that the well was drilled under a contract that no more water than was sufficient for cooking and drinking purposes would be required, he would have been prepared to dispute and discredit that claim. It does not require the citation of authorities to show that a party may not complain upon one contract and recover upon another and substantially different one. I conclude that this judgment should be reversed.

MURGATROYD, Respondent, v. TOWN OF HEMPSTEAD GAS & ELECTRIC LIGHT CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by Annie Murgatroyd against the Town of Hempstead Gas & Electric Light Company. No opinion. Judgment and order unanimously affirmed, with costs.

MURGATROYD, Respondent, v. TOWN OF HEMPSTEAD GAS & ELECTRIC LIGHT CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by William Murgatroyd against the Town of Hempstead Gas & Electric Light Company. No opinion. Judgment and order unanimously affirmed, with costs.

MURPHY v. HICKEY. (Supreme Court, Appellate Division, First Department. May 11, 1900.) Action by John J. Murphy against Agnes K. Hickey. No opinion. Motion so far granted as to remit case to the court below.

In re MUTUAL FIRE INS. CO. OF ALBANY. (Supreme Court, Appellate Division, Third Department. May 15, 1900.) In the matter of election of directors of Mutual Fire Insurance Company of Albany, N. Y. No opinion. Order settled and filed. See 64 N. Y. Supp. 351.

In re NAUL'S WILL. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) In the matter of the estate of Joseph Naul, deceased. From an order admitting his will to probate, certain heirs appeal. Affirmed. Ronald K. Brown, for infant appellants. George

H. Culver, for adult appellants. James C. Church, for respondent.

GOODRICH, P. J. A careful examination of the appellants' briefs discloses no question of law as to the construction of the will, but only such as arise on the admission or exclusion of evidence as to the factum of the will. The deceased executed what purported to be his last will on March 8, 1897. He left, him surviving, a widow, Eliza Naul, and as heirs at law and next of kin a son, Henry S. Naul, and seven children of a deceased son, Joseph Naul, Jr. At the time of the execution of the will the son Joseph was alive, but addicted to intoxication, which to some extent had estranged him from his father. The will gave the testator's homestead and a factory connected therewith to the widow during her lifetime, with remainder to Henry. It provided that, in the event of Joseph's reformation and ability to manage the factory, he should have the right to use the same for five years, free of rent except the insurance thereon, and gave him $5 weekly during his life, but empowered the executors to cease the payment of that sum if Joseph should drink to excess. The residue of the estate was given to the testator's widow and to his son Henry in equal shares. The grandchildren contested the probate of the will, and the briefs of their counsel state the grounds of such contest and of this appeal to be—First, want of testamentary capacity; second, undue influence. Evidence of a contradictory character was introduced upon these questions, and the surrogate delivered an oral opinion in which he decided against the contestants on both grounds. After a careful reading of the case, our opinion coincides with that of the surrogate. We have examined the rulings upon the admission and exclusion of testimony, and find no error therein. The decree should be affirmed, with costs.

NIXON, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1900.) Action by George K. Nixon against the Nassau Electric Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

NORTHAM, Respondent, v. DUTCHESS COUNTY MUT. INS. CO. OF POUGHKEEPSIE, Appellant. (Supreme Court, Appellate Division Fourth Department. April 10, 1900.) Action by Lewis N. Northam against the Dutchess County Mutual Insurance Company of Poughkeepsie, N. Y. No opinion. Judgment and order affirmed, with costs. See case of same plaintiff against International Insurance Company, 45 App. Div. 177, 61 N. Y. Supp. 45.

O'CONNOR, Respondent, v. STEVENSON et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 1, 1900.) Action by David F. O'Connor against Sewannee M. Stevenson and others. No opinion. Motion for leave to appeal to the court of appeals denied, on the ground that the right to appeal exists, irrespective of any leave from this court. See 62 N. Y. Supp. 898.

O'LEARY, Respondent, v. DAILY TELEGRAPH PUB. CO., Appellant. (Supreme Court,