## SPRINGFIELD FIRE & MARINE INS. CO. v. FIRST NAT. BANK OF TALOGA.

No. 7785—Opinion Filed Dec. 4, 1917.

Rehearing Denied May 21, 1918.

Second Petition for Rehearing Denied May 21, 1918.

(172 Pac. 652.)

**Insurance—Fire Insurance — Knowledge of Insurer—Estoppel.**

Where an insurance company issues its policy insuring certain property against loss by fire with full knowledge of the conditions of the title to said property, the nature of the interest of the insured therein, and of the changes made in the ownership at the time of the issuance and delivery of said

policy, it is estopped from setting up as a defense in an action on said policy the facts and circumstances concerning the condition of the title of the property, the nature of the interest of the insured, and the change of ownership, of which it had knowledge and notice at the time of issuance of the policy.

(Syllabus by Pryor, C.)

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by the First National Bank of Taloga against the Springfield Fire & Marine Insurance Company. Demurrer to petition overruled, and judgment for plaintiff, and defendant brings error. Judgment affirmed.

Scothorn, Caldwell & McRill, for plaintiff in error.

Adams & Smith, for defendant in error.

Opinion by PRYOR, C. This is an action commenced on the 9th day of December, 1914, in the district court of Dewey county by the First National Bank of Taloga, defendant in error, against the Springfield Fire & Marine Insurance Company, plaintiff in error, to recover the sum of $1,500 under and by virtue of a certain fire insurance policy, by reason of the loss by fire of the property covered by said policy. The parties will be referred to as they appeared in the trial court.

The petition of plaintiff, in substance and in so far as is material to the determination of the question involved on appeal, alleges: That on the 24th day of February, 1914, D. W. Peer was the owner of lots 13 and 14 in block 68 of the town of Taloga, and of a certain frame building thereon occupied and used as a livery barn; that on said date the said D. W. Peer, for the purpose of securing a loan of $1,500 made him by the plaintiff, the First National Bank of Taloga, conveyed, executed, and delivered to one George W. Strohm, a deed to said property; that the said Strohm executed his promissory note payable to the said D. W. Peer in the sum of $1,500, secured by a real estate mortgage on the said premises; that said note and mortgage were by the said D. W. Peer assigned and negotiated to this plaintiff; that on the same day, and as a part, and parcel of the same transaction, the defendant, the Springfield Fire & Marine Insurance Company, issued its insurance policy in the sum of $1,500 to the said George W. Strohm, insuring the building situated on said lots against loss by fire, which insurance policy contained the following clause:

"Loss, if any, under this policy, payable to D. W. Peer, mortgagee, as his interest may appear, subject to all conditions of said policy"

—that as a part and parcel of the same transaction George W. Strohm delivered the said insurance policy to the plaintiff as collateral security for the payment of the indebtedness above mentioned, and that said policy has been in the possession of the plaintiff ever since; that as a part of the same transaction and on the same date George W. Strohm executed and delivered a deed reconveying said property to D. W. Peer; that said defendant had full knowledge of the facts and these actions with reference to the title of the property; that on the 3d day of August, 1914, the property insured was totally destroyed by fire; that proper notice and proof of said fire and loss was made to the defendant company; that after the loss by fire of said property, on the 17th day of November, 1914, the said D. W. Peer and George W. Strohm assigned all of their interest in the proceeds of said policy to this plaintiff; that the insured had faithfully performed all of the conditions contained in said policy obligatory upon him, and that, with full knowledge of all of the facts and circumstances surrounding the transactions between the said George W. Strohm and D. W. Peer and the plaintiff herein, the defendant thereafter accepted the premium for said policy; that the defendant company, through its duly authorized agent, had full knowledge of all of the transactions between the said D. W. Peer and George W. Strohm and the plaintiff concerning the property and the mortgage executed thereon, and the nature of the title and interest of each and consented to all of said transactions. The petition has attached thereto copies of the said insurance policy and of the assignments of said policy to plaintiff by the said D. W. Peer and George W. Strohm.

Plaintiff asked for judgment in the sum of $1,500. Defendant filed a demurrer to the petition of plaintiff on the ground that the petition failed to state facts sufficient to constitute a cause of action, and, as a special ground of demurrer, that the petition showed upon its face that there had been a change of ownership of said property subsequent to the issuance of said policy in violation of the provisions of said policy, which rendered the same void. This demurrer was overruled by the trial court. Thereafter defendant filed an answer interposing a general denial of the allegations of plaintiff's petition, alleging as a further defense breach of the policy contract by reason of change of ownership of the property insured, and alleging that the assured had concealed and misrep-

resented material facts in securing said policy, and that the said George W. Strohm had no insurable interest in the property insured.

The only contentions urged on appeal by the defendant which have sufficient merit to require consideration are: First, that the court erred in overruling the demurrer of the defendant to plaintiff's petition; second, that the policy was rendered void by reason of the acts of the insured in changing the ownership of the property insured, and thereby defeating the rights of plaintiff; third, that the court erred in admitting incompetent evidence.

As the first and second propositions involve the same question of law, we will consider them together. The bank is the assignee of the said D. W. Peer of the mortgage referred to in said policy, and therefore has whatever right to the proceeds of the policy that D. W. Peer had before the assignment. Plaintiff is also the assignee of the rights of both George W. Strohm and D. W. Peer to the proceeds under said policy by virtue of the written assignment executed after the loss occurred. This narrows the question down to whether or not the transaction between the said D. W. Peer and George W. Strohm concerning the property and ownership thereof is sufficient to render the insurance policy void and defeat the plaintiff's rights thereunder. The petition alleges, and the evidence of the plaintiff reasonably supports the allegations, that defendant, through its duly authorized agent, had full knowledge of the execution of the various instruments complained of and their purport and the purpose and intention of the parties in executing the same, and, knowing these facts, issued and delivered the policy sued on and afterwards accepted the premium under said policy from the said D. W. Peer.

A party to a contract cannot execute the same and accept benefits thereunder with full knowledge of the facts and circumstances surrounding the execution of the deed and afterwards take advantage of the same circumstances which he had full knowledge of to defeat the obligations imposed upon him by such contracts, nor will an insurance company who knows of the nature of the ownership of the parties to the property insured be allowed to say, after issuing the policy and accepting benefits thereunder, that the insured did not have an insurable interest in said property. Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026; Northam v. International Ins. Co., 45

App. Div. 177, 61 N. Y. Supp. 45; Id., 165 N. Y. 666, 59 N. E. 1127; Robbins v. Springfield Fire & Marine Co., 149 N. Y. 477, 44 N. E. 159; Light v. Countrymen's Fire Ins. Co., 169 Pa. 310, 32 Atl. 439, 47 Am. St. Rep. 904; Appleton Iron Co. v. British America Assurance Co., 46 Wis. 23, 1 N. W. 9, 50 N. W. 1100; Grabbs v. Ins. Co., 125 N. C. 389, 34 S. E. 503; Gerringer v. North Carolina Home Ins. Co., 133 N. C. 407, 45 S. E. 773.

In the case of Gerringer v North Carolina Home Ins. Co., 133 N. C. 410, 45 S. E. 774, the Supreme Court of North Carolina, in discussing the question under consideration here, uses the following language:

"We cite with approval the language of Mr. Justice Douglas in Grabbs v. Insurance Co., supra: 'We think the rule is well settled that where an insurance company, life or fire, issues a policy with full knowledge of existing facts, which by its terms would work a forfeiture of the policy, the insurer must be held to have waived all such conditions, at least to the extent of its knowledge, actual or constructive. It cannot be permitted to knowingly issue a worthless policy upon a valuable consideration. An implied waiver is in the nature of an estoppel in pais, which might well be enforced by any court of equity under such circumstances.' It would seem that common fairness would demand that upon a full, frank disclosure of the condition of the title to the property made to the agent of the company at the time of or before the issuing of the policy, and as the basis therefor, the agent should inform the applicant that he had no insurable interest, if such was the case, or, in default thereof, bind his principal to perform its contractual obligations. This is nothing more than the application to the contract of insurance of the well-settled elementary principle that if one fails to speak when it is his duty, he shall not thereafter be permitted to do so for the purpose of voiding a liability assumed at the time of such failure. If there be any concealment or fraudulent representation of material facts by the insured, the same principle relieves the insurer from liability. The contract of insurance must be the result of fair, honest disclosures of all facts material to the risk assumed. These principles are recognized and enforced by all of the courts, both state and federal. That notice to the agent of all matters affecting the risk is notice to the company is well settled by abundant authority. Horton v. Ins. Co., 122 N. C. 499 (29 S. E. 944); 65 Am. St. Rep. 717."

The Supreme Court of Wisconsin, in the case of Appleton Iron Co. v. British America Assurance Co., supra, held:

"Where an insurance company issues a policy on mortgaged personal property to the

mortgagor, and by the terms of the policy makes the loss payable to the mortgagee, as his interest may appear, it is estopped to say that the mortgagor had no insurable interest in the property."

The above cited cases clearly establish the law that, where an insurance company has issued an insurance policy insuring against loss by fire property of which it has full knowledge of the condition of the title and the interest of the insured, it will not be allowed to set up the defense to avoid liability under said policy that the assured did not have an insurable interest in said property or that the title to said property was not such as would support an insurable interest. The changes in the ownership of the property insured in this case were made with the knowledge and consent of the agent and at the time of the issuance of the policy. The property was conveyed by D. W. Peer to George W. Strohm, who executed his mortgage to D. W. Peer on said property, and executed and delivered a deed of reconveyance to the said D. W. Peer. The mortgage above contained the clause that in case of loss, if any, the same should be paid to D. W. Peer as his interest might appear. This mortgage was a part of this same transaction wherein the deeds were executed and the policy executed and delivered. There was no change in the ownership of this property after the issuance and delivery of the policy. The premiums were accepted by the agent of the company under said policy with full knowledge of all the transactions complained of concerning said property. Not only the law, but the principles of reason and justice, seem to be against the contention of the defendant that it could avoid the policy on the grounds which it has set up as a defense. It is estopped to deny liability by reason of the facts which were fully within its knowledge at the time that it executed and delivered said policy. There were no facts that occurred after the issuance of the policy complained of by the defendant.

The testimony admitted by the court of which the defendant complains was testimony tending to show that the agent of the company had knowledge of the condition of the title of the property and the interests of D. W. Peer, George W. Strohm, and the plaintiff bank at the time of the issuance and delivery of the policy and the acceptance of the premiums thereunder.

Under the principle announced by the court in the cases of Germania Fire Ins. Co. v. Barringer, supra, Western Nat. Ins. Co. v.

Marsh, 34 Okla. 414, 125 Pac. 1094, 42 L. R. A. (N. S.) 991, Ins. Co. v. Little, 34 Okla. 449, 125 Pac. 1098, and Merchants' Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100, 42 L. R. A. (N. S.) 996, this evidence was clearly competent to establish the knowledge of the company as to the facts and circumstances surrounding the condition of the property and title thereto and its ownership at the time of the execution and delivery of said insurance policy.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.