PENCE, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, April 26, 1904.**

1. **INSURANCE: Pleading: Sufficiency of Petition.** A petition, in an action on a policy of fire insurance in a town mutual insurance company, which alleged that the fire occurred five months before the date of filing the petition, was not defective under section 8055, Revised Statutes of 1899, because it failed to state that the defendant withheld payment for two months after payment was due.

2. ——: ——: ——. Nor is such petition defective by reason of failing to state that the goods insured were on the first floor of the store building when the loss occurred, where the policy pleaded required them to be, since it was alleged that the building was only one story high.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Barclay & Fauntleroy* for appellant.

(1) The petition fails to allege, or to intimate ever so gently, that the amount of the policy became due two months before the suit was brought, as the statute ex-

pressly requires (R. S. 1899, sec. 8005). That failure of statement has been held in this State and elsewhere to be fatal to the sufficiency of a pleading of this nature. Taylor v. Temp. Union, 94 Mo. 42; Ins. Co. v. Hall, 1 Kan. App. 43, 41 Pac. 69. (2) When the law allows a company "two months after such loss shall have become due" (R. S. 1899, sec. 8005) it behooves a plaintiff to allege (in a suit like this) that said period of time had expired before the legal machinery was set in motion. A long list of cases could be given to fortify this proposition. We cite, however, only a few insurance decisions, from near and far, and some decisions on other subjects in Missouri, enforcing our contention. Carberry v. Ins. Co., 51 Wis. 605; Cowan v. Ins. Co., 78 Cal. 181; Bank v. Ins. Co., 6 S. Dak. 424, 61 N. W. 439; Wright v. Ins. Co., 73 Mo. App. 365; Barker v. Railroad, 91 Mo. 86; Miner v. Tiller, 54 Mo. App. 627. (3) The averments of the terms of the policy describe the risk assumed by defendant as including plaintiff's stock of goods and merchandise, such as are "usually kept for sale in a general store, while contained on first floor of the above-described building." (4) It is not enough to allege that the goods were there when insured. It must, nevertheless, be stated that, at the time of the fire, they were in the place designated by the terms of the risk assumed in the policy. English v. Ins. Co., 55 Mich. 273; Bryce v. Ins. Co., 55 N. Y. 240.

*Sebree & Farrington* and *Woodruff & Mann* for respondent.

(1) The policy in this case is not before the court, and is not made a part of the record. Again, section 8005 is a part of the laws of the State of Missouri governing other insurance companies; town mutual insurance companies are especially exempted from its provisions. R. S. 1899, sec. 8084. And a town mutual insurance company is especially authorized to issue any form

of policy for which its constitution and by-laws provide. R. S. 1899, sec. 8089; McFarland v. Ins. Co., 124 Mo. 221; Brookshire v. Ins. Co., 91 Mo. App. 603. (2) Appellant contends the petition is fatally defective, even after verdict, of course, for failure to state that the goods destroyed were on the first floor of the building. The petition recites the insurance of plaintiff's one-story frame and box building, with additions adjoining and communicating, and the insurance of the goods while contained in the first floor of the above-described building, and said goods while therein contained were destroyed by fire. In any event, as to this, as well as to any of the other alleged defects complained of in the petition, it was good after verdict. Jones v. Ins. Co., 78 Mo. App. 298; Bondurant v. Ins. Co., 73 Mo. App. 477; Murphy v. Ins. Co., 70 Mo. App. 78; Prendergast v. Ins. Co., 67 Mo. App. 430. Appellant's answer and plea to the merits waived all the objections here raised to the petition. Bank v. Leyser, 116 Mo. 50.

GOODE, J.—Plaintiff got judgment for $1,313 on an insurance policy. The case is here on the record proper, no bill of exceptions having been preserved, and the points made against the judgment relate to the sufficiency of the petition. That pleading avers the execution and delivery of the policy December 18, 1901, and the payment by the plaintiff of $32.50 premium; that the company insured plaintiff against loss by fire during one year on two items of property: a one-story frame building with additions adjoining and communicating, occupied as a retail store, and on a stock of general merchandise while contained on the first floor of said building; that plaintiff was the owner of the insured property; that the value of the building was $200 and the insurance on it $100; the value of the stock of merchandise was $1,600 and the insurance on it $1,200; that both the building and the merchandise were totally destroyed

by fire March 15, 1902, entailing loss to the plaintiff of $1,800; that plaintiff complied with all the conditions and requirements of the policy on his part, but the defendant refused to discharge its liability; and judgment was prayed for the amount of the insurance, to-wit; $1,300, and interest at eight per cent per annum.

The answer stated several defenses: First, that the plaintiff in applying for the insurance warranted the stock of merchandise to be of the cash value of $1,600 and it was not of greater value than $1,000; second, that plaintiff did not inventory his stock within the period required by the policy nor keep a set of books showing clearly the business transacted, including purchases, sales and shipments, nor keep such books and inventory in a fire-proof safe or other place where they were not exposed to fire; third, that the policy required him to furnish proofs of loss within sixty days after the fire, which was not done; fourth, that he failed to have the amount of the loss determined by an appraisal; all of which breaches are alleged to have been in violation of the contract of insurance and to have forfeited plaintiff's right to indemnity.

So far as appears, no attack was made on the petition in the court below; but the defendant answered it and went to trial on the issues made by the answer and the replication, which was a general denial.   In this state of the record the judgment must stand unless the petition wholly fails to state a cause of action, and can not be reversed if it states one, but so defectively that a demurrer would have been proper.   We see nothing wrong with the petition.   A complaint is made that it contains no allegation that the defendant had withheld payment of the amount of the policy for two months after payment was due.   This criticism is founded on a clause of section 8005 of the Revised Statutes, which provides that a civil action may be maintained by a member or stockholder of an insurance corporation organized under the laws of this State, on a risk or

policy, if payment is withheld for more than two months after a loss becomes due. That statute probably has nothing to do with suits against town mutual insurance companies, which are regulated by sections 8092 and 8093. Those sections provide for execution if a judgment against such a company remains unsatisfied for sixty days.

But the petition is not fatally defective because it contains no allegation of the kind mentioned. Suffice to say on this point that the fire occurred March 15, 1902, and the petition was filed August 14, 1902. The loss was certainly due when the suit was brought, unless the policy had some proviso to the contrary; and if it had, that was matter of proof and the proof is not before us.

Another criticism is that the petition fails to state the merchandise when burned was on the first floor of the store building. As the building was only one-story high, it could not well have been on the second floor. The points made are matters of defense purely; but they are not even alleged in the answer.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.