CROSS v. HOME INS. CO.

(Circuit Court, N. D. California. May 27, 1907.)

No. 13,968.

INSURANCE—ACTION ON POLICY—PLEADING.

In an action on a policy of fire insurance, where it appears from the complaint that the contract contained terms and conditions with which the insured was required to comply, the policy must be set out either in hæc verba or according to its legal effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1588.]

At Law. On demurrer to complaint.

Bert Schlesinger, for plaintiff.

J. F. Riley, for defendant.

VAN FLEET, District Judge. The demurrer to the complaint must be sustained. The action is upon a policy of fire insurance, but the policy is neither set out in hæc verba nor according to its legal effect, the only averment of the complaint in that regard being that on January 12, 1904, in the city and county of San Francisco, in consideration of a certain premium, the defendant issued to plaintiff's assignors "its policy of insurance numbered 17,551, wherein and whereby the said defendant insured said Tomaso Cuneo and Rosa Cuneo, his wife, against loss or damage by fire to" (describing the property covered) "to the amount of $8,000 for the term of three years, commencing on the 12th day of January, 1904, at twelve o'clock noon and ending on the 12th day of January, 1907, at twelve o'clock noon." None of the provisions of the policy, except as to the date, amount, and term thereof, as above alleged, are in any manner set out; but, after averring the destruction of the insured property by fire, a notice thereof to defendant, and the furnishing of proofs of loss, it is alleged that plaintiff "duly performed all the conditions of said above-mentioned policy of insurance on his part to be kept and performed."

As none of the terms of the policy alleged constituted "conditions" thereof to be kept and performed by the plaintiff, it is, by the averment last quoted, made to appear by necessary legal intendment that there were terms and conditions not pleaded which the plaintiff deemed material to keep and perform in order to maintain the action. Of these conditions the defendant is entitled to be specifically informed, and the complaint should have set them forth. In declaring on a written instrument the pleader may set it out in full or according to its legal effect; but he must do one or the other. At common law, if the latter mode were adopted the defendant could, in a proper case, crave oyer of the instrument, and, if it appeared that its provisions were misstated, he might set out the contract in hæc verba and demur on the ground of the variance; but where, as here, it appears from the complaint itself that terms or conditions of the contract which may be material have been entirely omitted, the complaint is bad and a demurrer will lie. Gilmore v. Lycoming Fire Insurance Company, 55 Cal. 123; Schenck v. Hartford Fire Insurance Company, 71 Cal. 28, 11 Pac. 807.

The complaint is defective in another respect. There is no averment of the value of the property lost. The only language of the pleading squinting in that direction is this:

"That complainant's loss by reason of the destruction of said buildings by fire as aforesaid was in excess of the sum of $8,000, and defendant became and was and now is indebted to complainant under the terms of said above-mentioned policy of insurance, by reason of the total destruction of said buildings by fire as aforesaid, in the sum of $8,000."

While it may be deduced by inference from this allegation that the loss alleged refers to the value of the property destroyed, it is wholly insufficient as an averment of such value.

The demurrer is sustained.