# Yeier, Appellant, *v.* Camden Fire Insurance Association.

*Affidavit of defense—Practice—Affidavit by agent of fire insurance company—Insufficiency of statement.*

In an action on a policy of fire insurance an affidavit of defense filed by a person who describes himself as a special agent of the defendant; "having knowledge of the necessary facts hereinafter set forth" is insufficient inasmuch as the defendant does not set forth whether the facts averred are within his personal knowledge or stated on information received from some other person or source.

In an action on a fire insurance policy the statement of claim is insufficient to require an affidavit of defense, which merely sets forth the loss or an amount stated, where the policy attached to the statement shows that plaintiff cannot recover an amount greater than three-fourths of the actual cash value of the property destroyed; the cash value of the property must be averred.

Argued March 8, 1917.   Appeal, No. 25, March T., 1917, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1915, No. 38, discharging rule for judgment for want of a sufficient affidavit of defense in case of Francis Yeier v. The Camden Fire Insurance Association of Camden, N. J.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.

The opinion of the Superior Court states the case.

Error assigned was order discharging rule for judgment for want of a sufficient affidavit of defense.

*W. A. Jennings,* for appellant.—If the party making the affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them: Wakely v. Sun Insurance Office of London, 246 Pa. 268; Yeier v. The Scottish Union & National Insurance Co., 63 Pa. Superior Ct. 264; Yeier v. The Hanover

Fire Insurance Co., 63 Pa. Superior. Ct. 258; Galashevsky v. Camden Fire Insurance Association, 63 Pa. Superior Ct. 511.

*H. C. Reynolds,* for appellee.—The statement is insufficient to sustain rule for judgment: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Acme Mfg. Co. v. Reed, 181 Pa. 382; Fritz v. Hathaway, 135 Pa. 274.

A defective plea is a sufficient answer to a defective declaration. In fact under the Procedure Act of 1887 a defective declaration requires no reply: Gould v. Gage, 118 Pa. 559; Byrne v. Hayden, 124 Pa. 170; Gere v. Unger, 125 Pa. 644; Barr v. McGary, 131 Pa. 401; 'Fritz v. Hathaway, 135 Pa. 274; Campbell v. Pittsburgh, Etc., Ry., 137 Pa. 574.

The statement does not entitle plaintiff to judgment because it fails to show a complete right to recover the sum claimed: Capital City M. Fire Insur. Co. v. Boggs, 172 Pa. 91; Ferguson Bros. Anglo Am. v. Tel. Co., 151 Pa. 213; Laubach v. Meyers, 147 Pa. 453; Newbold v. Pennock, 154 Pa. 591; Edison Gen. Electric Co. v. Thackara Mfg. Co., 167 Pa. 531.

If the defendant be a corporation, the affidavit may be made by the principal officer or any agent or employee having knowledge of the necessary facts: Citizens Nat. Gas Co. v. Waynesburg Nat, Gas Co., 210 Pa. 137.

OPINION BY HENDERSON, J., May 7, 1917:

The plaintiff's action was on a policy of insurance covering a building destroyed by fire. The court discharged a rule for judgment for want of a sufficient affidavit of defense and from that judgment this appeal was taken. The affidavit was made by one John S. Luce who described himself as "special agent of the above named defendant having knowledge of the necessary facts hereinafter set forth." Exception was taken to the affidavit for the reasons: First, that Luce had no authority to make the affidavit or if he had such authority it was not

made to appear why it was not made by an officer of the corporation; and second, that it is not sufficiently set forth whether the facts averred are within his personal knowledge or stated on information received from some other person or source. That the affidavit is insufficient will appear by reference to Wakely v. Sun Ins. Office of London, 246 Pa. 268; Safety Banking & Trust Co. v. Conwell, 28 Pa. Superior Ct. 237; Bushong v. Edwards, 52 Pa. Superior Ct. 376; Yeier v. Hanover Fire Ins. Co., 63 Pa. Superior Ct. 258. The Practice Act of 1915 requires that the affidavit of defense be sworn to by the defendant or some person having knowledge of the facts and in stating the facts it is necessary that the deponent disclose whether they are within his personal knowledge or are given on information received. This is the well established rule as will be seen by reference to the authorities above cited. It is impossible to state from an inspection of the affidavit what part of the recital therein contained was from personal knowledge and what was from information communicated to the deponent. If the case rested on the sufficiency of the affidavit it would therefore be necessary to reverse the judgment. It is objected, however, by the defendant that an affidavit of defense was not required in view of the state of the pleadings. It is set forth in the statement of claim that the policy of insurance was issued on the plaintiff's building for the sum of $1,000; that the building was destroyed by fire April 13, 1915; that the plaintiff had complied with the conditions of the policy "and that the property of the plaintiff had sustained a loss upon the premises insured under said policy to the amount of $1,000" which sum the defendant had not paid. Attached to the statement and made a part thereof is a copy of the policy. Among the conditions contained therein is the following: "It is understood and agreed to be a condition of this policy that in the event of loss or damage by fire to the property insured herein this company shall not be liable for an amount greater than three-fourths of the actual cash

value of such property (not exceeding the amount insured thereon) at the time immediately preceding such loss or damage." This clause qualifies the covenant as to the amount to be paid and makes it contingent on the value of the insured premises at the time of the fire. The statement of claim gives no information on that subject unless it be inferred that the value was $1,000, from the allegation in the statement of claim "that the property of the plaintiff had sustained a loss upon the premises insured under said policy to the amount of $1,000." In the absence of an averment as to the value of the property destroyed and in view of the provision as to the limitation of liability to an amount not greater than three-fourths of the actual cash value it is impossible to liquidate the judgment on the statement filed. If the value was only $1,000 the plaintiff's demand would be $750. If the value was enough more than $1,000 to entitle the plaintiff to the whole sum contracted for, that value should be set up in the statement of claim in order that a judgment by default or for want of a sufficient affidavit of defense might be liquidated. A statement of claim must include every ingredient of a good cause of action and aver the same with accuracy and completeness, and the plaintiff's statement lacks this quality. It can not be determined whether the value of the property burned was sufficient to entitle the plaintiff to recover the whole amount of its claim under the policy, or a smaller amount as controlled by the three-fourths limitation above quoted. We think, therefore, the learned judge was not in error in discharging the rule for judgment for want of a sufficient affidavit of defense.

The judgment is affirmed and the record remitted without prejudice.