## SECURITY INSURANCE CO. OF NEW HAVEN, CONN., v. McALISTER.

No. 14176—Opinion Filed July 24, 1923.

(Syllabus.)

1. **Insurance — Automobile Insurance — Burden of Proof—Value of Car at Time of Loss.**

   Where suit is brought to recover on an insurance policy covering an automobile, the burden is on the plaintiff to show the value of the car at the time of the loss, and proof of value at the time the policy was issued without other testimony showing how the car had been used and the condition at the time it was stolen as compared with condition at the time it was insured, or other facts from which the value of the car at the time of the loss can be ascertained, is insufficient.

2. **Insurance—Forfeiture of Policy—Essentials of Estoppel of Insurer.**

In order for the acts and conduct of the insurer to estop it from claiming forfeiture of the policy, it must appear that the acts or conduct of the insurer misled the insured and caused him to alter his situation to his prejudice.

### 3. Same — Waiver by Insurer — Failure to Allege—Demurrer to Evidence.

Where the acts of the insurer show an intention to relinquish the right of forfeiture for failure to give proof of loss, such acts will be held to constitute a waiver, and in such cases the facts need not be such as to amount to estoppel; but where the petition of the plaintiff alleges no fact tending to show a waiver, but evidence tending to show waiver is introduced over the objection of defendant, such evidence will not be considered in determining the sufficiency of the evidence on a demurrer.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Roy McAlister against the Security Insurance Company of New Haven, Conn., to collect insurance. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Rittenhouse & Rittenhouse, for plaintiff in error.

Sigler & Jackson, for defendant in error.

COCHRAN, J. This action was brought on an insurance policy by Roy McAlister, defendant in error, against Security Insurance Company, of New Haven, Conn., plaintiff in error. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant filed a demurrer to plaintiff's petition, which was overruled, and this action of the trial court is assigned as error. The petition did not allege that the plaintiff was the owner of the automobile insured at the time the insurance policy was insured or at the time of the loss, neither did it allege the value of the automobile at the time of the loss. The petition in these respects was defective, but it is not necessary for us to determine whether it was error for the trial court to overrule the demurrer, as the cause must be reversed on other grounds and the petition can be amended in the trial court so as to correct the above mentioned defects.

The defendant filed a demurrer to the evidence of the plaintiff, which was overruled, and defendant now insists that the evidence was insufficient in several particulars. It is first insisted that there was no evidence showing the value of the car at the time it was stolen. In cases of this kind.

where the insurance is on personal property subject to rapid change, the burden is on the plaintiff to show the value of the property at the time of the loss, and proof of its value at the time the policy of insurance was issued, unless such proof is accompanied by facts and circumstances from which its value at the time of the loss can be determined, is insufficient. Strawbridge v. Standard Fire Ins. Co. (Mo. App.) 187 S. W. 79; Home Ins. Co. v. Stone River Nat. Bank (Tenn.) 12 S. W. 915; City of DeSoto v. American Guaranty Fund Mut. Fire Ins. Co. (Mo. App.) 74 S. W 1; Germier v. Springfield Fire & Marine Ins. Co. (La.) 33 South. 361. The evidence in this case as to the value of the car at the time of the loss is very unsatisfactory, and there is no evidence showing how the car had been used from the time the policy of insurance was issued or its condition at the time it was stolen as compared with its condition at the time it was insured; but, taking the record as a whole, we cannot say that there is an entire lack of evidence of value on this point.

Defendant contends that the demurrer to the evidence should also have been sustained because the evidence did not show that proof of loss was made to the company as provided in the policy, and that the testimony is not sufficient to constitute an estoppel or to show a waiver of the forfeiture on account of the failure to make the proof of loss. The petition of the plaintiff alleged as follows:

"The plaintiff alleges that thereafter he duly notified both by wire and in writing, the agents of said company, to wit: Bridgman & Cardwell, of Ardmore, Okla., and requested them to make out all the proof of loss necessary and to send him any papers necessary for him to sign to make said proof of loss; that said Bridgman & Cardwell duly notified the defendant of said loss and filled out all the papers necessary to make said proof, and that said defendant never at any time demanded further proof of said loss or objected to the payment of said loss for the reason that the proof of loss was insufficient or had not been made, and the plaintiff now alleges that said defendant would be estopped to contest any proof of loss or the lack of any proof of loss made by this plaintiff, and for said reason this plaintiff alleges that the terms and conditions of said policy have been complied with and that said plaintiff is now entitled to recover from said defendant the sum of $1,050."

There was no testimony introduced showing that any proof of loss was made to the company as provided by the policy, and there was no proof showing that a proof

of loss was prepared by Bridgman & Cardwell, or that a proof of loss in any form was filed by them. In order to constitute an estoppel, the conduct of the defendant must have misled the plaintiff to his prejudice. Madill State Bank v. Weaver, 56 Okla. 183, 154 Pac. 478, and Williamson-Halsell-Frasier Company v. King, 58 Okla. 120, 158 Pac. 1142. There was no evidence introduced tending to show that the plaintiff was misled to his prejudice by the conduct of the defendant or that the acts of the defendant caused him to fail to furnish a proof of loss. There was considerable evidence offered tending to prove a waiver of forfeiture because of the failure to file proof of loss, and plaintiff argues that these facts were sufficient to constitute a waiver. This testimony was all introduced over the objection of the defendant and was not admissible in evidence because the plaintiff did not plead a waiver, but, on the contrary, pleaded an estoppel by reason of the failure of the company to object to the sufficiency of the proof of loss. Since this evidence was improperly admitted under the issues joined, the same should not be considered in determining the sufficiency of the evidence on the demurrer. North British & Merc. Ins. Co. v. Lucky Strike Oil Co., 74 Oklahoma, 173 Pac. 845; Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 Pac. 1167. For the reasons stated, we are of the opinion that the demurrer to the evidence should have been sustained.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

KENNAMER, NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.