## CONNECTICUT FIRE INS. CO. et al. v. WILLIAMS.

No. 16365. Opinion Filed Sept. 13, 1927.

Rehearing Denied March 13, 1928.

(Syllabus.)

1. **Insurance—Action by Mortgagee on Loss Payable Clause in Fire Policy—Necessary to Allege Value of Property.**

In order to constitute a cause of action for more than nominal damages in a suit by a mortgagee on a loss payable clause attached to a fire insurance policy, it is necessary to allege the value of the property destroyed, and where a petition lacking such allegation is first challenged by a general demurrer, it is error on the part of the trial court to admit, over the objection of the defendant, evidence as to the value of the property destroyed.

2. **Pleading—Aider by Verdict—When Doctrine not Invokable.**

The doctrine "aider by verdict" cannot be invoked where a pleading lacking a material and essential averment is challenged by a general demurrer and the evidence offered to supply such averment is admitted over the objection of the adverse party to the suit.

3. **Subrogation—Necessity for Pleading.**

Subrogation is an affirmative action or defense, which must be pleaded by the party claiming it.

4. **Limitation of Actions—Statute Applicable to Action by Mortgagee on Loss Payable Clause in Fire Insurance Policy.**

In an action by a mortgagee to recover on a loss payable clause attached to a fire insurance policy, the special one-year statute of limitation is not the applicable statute. Such action is governed by the general statute of limitation relating to actions on contract.

Commissioners' Opinion, Division No. 2.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Clara D. Williams against the Continental Insurance Company and Connecticut Fire Insurance Company. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Rittenhouse & Rittenhouse, for plaintiffs in error.

Utterback & Stinson, for defendant in error.

HERR, C. Defendant in error brought suit in the lower court to recover on two fire insurance policies. Both of these policies covered a certain brick building located and situate on lots 6 and 7, block 151, city of Durant, Okla., and were issued to C. G. Shane, the owner thereof. One of said policies was in the sum of $4,000, issued by the plaintiff in error Continental Insurance Company, and the other in the sum of $3,500, by plaintiff in error Connecticut Fire Insurance Company.

Defendant in error, Clara D. Williams, held a mortgage against the premises in the sum of $17,000.

Both of the policies contained the usual standard mortgage clause providing that loss, if any, should be paid to Clara D. Williams, mortgagee, as her interest may appear.

The property covered by the policies was totally distroyed by fire. Clara D. Williams, mortgagee, filed separate suits in the district court of Bryan county against plaintiffs in error to recover the full amount of the insurance provided for by the policies. At the trial the cases were consolidated, and, by agreement, trial was had by the court, which trial resulted in a judgment against each of the plaintiffs in error for the amount sued for. To reverse these judgments, plaintiffs in error appeal.

It is contended by plaintiffs in error that the trial court erred in overruling their demurrer to the petition, and erred in overruling their objection to the introduction of evidence tending to establish the value of the property destroyed.

The policies sued on contained the following provision:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs."

It is contended that the petitions are defective in that they fail to allege the value of the property destroyed, and, therefore, evidence of value is inadmissible under such petitions. We think this contention is well taken. The petitions fail to allege the value of the property destroyed. The petitions in the cases are identical, and, as to value, contain the following allegations:

"That the total value of said property, to wit: lots 5, 6 and 7, in block 151, in the city of Durant, Okla., as the same now stands, isn ot worth more than the sum of $12,000; that the taxes, as hereinabove stated, added to the amount due the plaintiff herein makes a total of $27,046.27; the total insurance carried on said building by the defendant, the Connecticut Fire Insurance Company, of Hartford, Connecticut, and all other insurance companies, amounted to the gross sum of $10,000; and that the plaintiff herein is entitled to the entire proceeds of the policy of insurance carried by said defendants, the Connecticut Fire Insurance Company of Hartford, Connecticut."

We think, under these allegations, nominal damages only were recoverable, and the trial court committed error in receiving, over and against the objections and exceptions of plaintiff in error, evidence as to the value of the property destroyed.

Counsel for defendant in error, in his brief, makes the following frank admission:

"However, bearing in mind that our ideas have often proven erroneous, and knowing that there is authority upon which this court could hold that this cause should be reversed for failure to allege value in the petition, we will now discuss the correctness of the portion of the opinion last hereinbefore quoted, that is, in substance, that even if the petition be defective the plaintiff has the right to amend the petition. Sustaining that contention we insist, without in the least receding from our position hereinbefore set out, that if your honors decide that this case should be reversed because of failure to allege value in the complaint, then the petition is subject to amendment, even though the period of statutory limitation has elapsed."

Under the above admission, we deem it unnecessary to discuss in detail the authorities sustaining this proposition. Suffice it to say that the same is sustained by the overwhelming weight of the authorities.

The following are some of the cases in point: Cross v. Home Ins. Co., 154 Fed. 679; Sharp v. Niagara Ins. Co. (Mo. App.) 147 S. W. 154; Emigh v. State Ins. Co. (Wash.) 27 Pac. 1063; Yeier v. Camden Fire Ins. Association, 66 Pa. Super. 571; Coleman v. Phoenix Ins. Co., 69 Mo. App. 566; Security Ins. Co. v. McAlester, 90 Okla. 274, 217 Pac. 430; Aetna Ins. Co. v. Hughes, 120 Okla. 7, 249 Pac. 908.

In the case last above cited, in the body of the opinion, at page 8, the court says:

"The petition does not allege the value of the barn and sheds at the time of the loss, nor that the grain and seeds were in the dwelling, granary, barns, or cribs at the time of the fire. These are necessary allegations to constitute a cause of action. Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026; Miller v. Connecticut Fire Ins. Co., 47 Okla. 42, 151 Pac. 605; American Central Ins. Co. v. Boyle, 69 Okla. 195, 171 Pac. 714; Security Ins. Co. v. McAlester, 90 Okla. 274, 217 Pac. 430. The demurrer should have been sustained."

Defendant in error seeks to invoke the doctrine "aider by verdict," but this doctrine cannot be invoked where a pleading lacking a material and essential averment is challenged by a general demurrer and the evidence offered to supply such averment is admitted over the objection of the adverse party to the suit. Northwest Thresher Co. v. McNinch, 42 Okla. 155, 140 Pac. 1170.

Plaintiffs in error further contend that the trial court erred in refusing to decree subrogation. If the policies are void as to the owner, Shane, upon payment of the loss to the mortgagee, plaintiffs in error, under the terms of the policies would be entitled to

subrogation to the extent of the amount paid. If, however, the mortgagor, Shane, gave notice of the foreclosure proceedings to the insurance company or their authorized agent and thereafter said companies accepted further premiums on the policies and failed to cancel the same, then the policies would not be void as to the mortgagor, Shane, and plaintiffs in error would not be entitled to subrogation.

It was not necessary for defendant in error to tender subrogation in her pleadings. Subrogation is an affirmative action or defense, which must be pleaded by the party claiming it. 12 R. C. L. 1395.

As the judgments must be reversed, the question as to defendant in error's right to amend her petition may arise at a new trial. It is contended by the plaintiffs in error that an amendment is not at this time permissible for the reason that the action is now barred by the statute of limitations; that the original petitions state no cause of action whatever and that an amendment in such cases, after the bar of the statute has fallen, will not relate back to the time of the filing of the original petition.

We are, however, of the opinion that the bar of the statute has not fallen. Counsel seek to invoke the special one-year statute of limitations. This is not the applicable statute. This contention of counsel is based upon the one-year limitation clause contained in the policy. The clause attached to the policy permitting recovery by the mortgagee provides that such interest shall be subject to the provisions of the policy as to time of appraisal and time of payment and bringing suit. The one-year limitation clause was placed in the policy in obedience to section 6767, C. O. S. 1921, adopting a statutory form for fire insurance in the state of Oklahoma. This limitation is, therefore, statutory and not contractual: Niagara Fire Ins. Co. v. Nichols, 96 Okla. 96, 220 Pac. 920.

It is generally held that the clause permitting recovery by the mortgagee constitutes a separate and independent contract, between the mortgagee and insurer. Hanover Fire Ins. Co. v. Bohn (Neb.) 67 N. W. 774; Phoenix Ins Co. v. Omaha Loan & Trust Co. (Neb.) 60 N. W. 133; People's Savings Bank v. Retail Merchants Mutual Fire Ins. Ass'n (Iowa) 123 N. W. 198; Gilman v. Commonwealth Ins. Co. of N. Y. (Me.) 92 Atl. 721; Smith v. Union Ins. Co (R. I.) 55 Atl. 715; Fireman's Ins. Co. v. Boland, 30 Ohio Cir. Rep. 811; Brecht v. Law, Union & Crown, 160 Fed. 399 18 L. R. A. (N. S.) 204; Reed v. Fireman's Ins. Co. (N. J.) 80 Atl. 462, 35 L. R. A. (N. S.) 343.

In the last above cited case, the court, in the body of the opinion, says:

"It must be admitted that the mortgagee clause is not an independent contract in the sense that none of the terms of the policy applies to it. It is not in itself complete, but becomes so by reading the policy in connection with it, and a reading of the two together does not clash with the notion that the mortgagee clause creates an independent contract between the company and the mortgagee. The policy furnishes the terms of the contract between the owner and the insurer. The mortgagee clause is the contract between the insurer and the mortgagee, quite separate from the policy, yet ingrafted upon it and to be understood by reference to the policy, which renders it certain and complete."

This union or standard mortgage clause attached to the policy constitutes, then, a separate contract from the policy itself. The limitation of 12 months within which the insured may maintain an action on his policy, by a special statute of limitation, cannot be extended beyond its plain terms, and there being no statute requiring a mortgagee to assert his interest by virtue of such union or standard mortgage clause, within a period of 12 months, the attempt in the mortgage clause to incorporate the said statute of limitation of 12 months is in violation of section 5070, C. O. S. 1921, which provides:

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual legal proceedings, in the ordinary tribunals or which limits the time within which he may thus enforce his rights, is void."

We, therefore, conclude that the one-year special statute of limitation does not apply, but the governing statute is the general statute of limitation relating to actions on contract. Defendant in error should be permitted to amend her petitions if she so desires.

It is to be regretted that the judgments in this case must be reversed on what may appear to be a mere technicality, yet we feel we cannot do otherwise without doing violence to well-established and recognized rules of pleading and procedure.

Judgments should be reversed and causes remanded for a new trial. with directions to the trial court to allow defendant in error, plaintiff below, to amend her petitions if she so desires.

BENNETT, DIFFENDAFFER, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 495, §698; p. 509, §718. (2) 31 Cyc. p. 765; 21 R. C, L. p. 615. (3) 37 Cyc. p. 391. (4) 26 C. J. p. 474, §669 (Anno).