## GERMANIA FIRE INS. CO. v. BARRINGER.

No. 5417. Opinion Filed June 30, 1914.

Rehearing Denied September 1, 1914.

(142 Pac. 1026.)

1. APPEAL AND ERROR—Insurance—Petition — Sufficiency — Demurrer—Admissions in Answer. Where a standard policy insures plaintiff against loss by fire, to an amount not exceeding $1,000, certain property "while located and contained as described herein, and not elsewhere, to wit, * * * $600 on the one-story * * * building * * * while occupied as a private dwelling house and situated on the northwest corner of the B. F. & M. grounds," and "$400 on all his household and kitchen furniture while contained in the above-described building," a petition which fails to state that, at the time of the fire, the building was so occupied and the personal property was therein contained fails to state a cause of action. But where the answer, after general denial, specifically admits those facts, held, that the action of the court in overruling a demurrer to said petition is not reversible error.

2. INSURANCE—Knowledge of Agent—Effect on Validity of Insurance—Change in Title. Where the local agent of a fire insurance company, who has power to accept the risk and deliver the policy of insurance, at and prior to the time of its delivery in renewal

of another policy, has knowledge of the fact that, intermediate the time of the issuance of the original and the renewal policy, the title to the property whereon the insured building was located had changed, assuming that fact to be material to the risk, and that the insured failed to mention. that fact at the time of the delivery of the renewal policy, held that, after having received the premium and delivered the policy, the same is binding upon the company, notwithstanding the fact that it contains a provision that none of the company's officers or agents can waive any of the provisions, except in writing indorsed on the policy.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by P. J. Barringer against the Germania Fire Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Rowland & Talbott* and *P. Q. Nyce,* for defendant in error.

TURNER, J.   On December 7, 1912, P. J. Barringer, defendant in error, sued the Germania Fire Insurance Company of New York, in the district court of Washington county, on a standard policy insuring certain of his property, "while located and contained as described herein, and not elsewhere, to wit, against loss by fire, to an amount not exceeding $1,000, $600 on the one story, shingle roof, frame building, * * * while occupied as a private dwelling house and situated in the northwest corner of the Bartlesville Foundry & Machine Works grounds, * * *" and "$400 on all his household and kitchen furniture * * * while contained in the above-described building." After a demurrer to the petition was overruled, and answer and reply filed, there was trial to the jury. At the close of plaintiff's evidence, defendant demurred thereto, which was overruled, and a verdict directed for plaintiff. From a judgment for the full amount of the policy rendered and entered thereon, after motion for new trial was filed and overruled, defendant brings the case here. ·

Although the policy recites that the building was only insured while occupied as a private dwelling house, and the house-

hold and kitchen furniture while contained therein, the petition fails to state that, at the time of the fire, the building was so occupied, and that the personal property was therein contained. For this reason, it is contended, the court erred in overruling the demurrer thereto. These were necessary allegations; necessary for the reason that, failing so to state, the petition fails to state facts sufficient to constitute a breach of the contract of insurance, for it is clear defendant would not be liable if the goods were destroyed located elsewhere. The question here involved has been squarely passed upon a number of times. The leading case, so far as we are advised, is *Arnold v. American Insurance Co.,* 148 Cal. 660, 84 Pac. 182, 25 L. R. A. (N. S.) 6. There one of the policies sued on placed $3,500 "on a one-story frame building, * * * while occupied as a dwelling house, * * * situated at No. 735 * * * Stewart street, * * * Los Angeles, Cal."; another placed $2,000 "on household furniture," etc., "all while contained in the above-described dwelling house" (referring to No. 735 Stewart street). The losses sued for affected both dwelling house and furniture. The court, in passing on the precise point raised here, said:

"The complaint nowhere alleged that, at the time of any of these fires, either house was occupied as a dwelling house, or that the furniture insured was contained in the house No. 735 Stewart street, nor did it allege any facts from which such a conclusion might be inferred or even surmised. That such allegations were essential to the statement of a cause of action is very clear, and is practically admitted by plaintiff, who relies entirely upon the contention that, it not appearing that the point was specially made in the lower court, any defect in this respect was cured by the answer thereto. As to the question of the insufficiency of the amended complaint, it is unnecessary to do more than to refer to the case of *Allen v. Home Ins. Co.,* 133 Cal. 29, 65 Pac. 138, where, as here, the policy covered a building 'while occupied as a dwelling house,' and where the demurrer interposed did not specify this particular objection. This court there said: 'The principal contention under this head is that the complaint does not allege that the building, at the time of the fire, was occupied as a dwelling house. It was in the contract between the insurer and the insured that the premises were insured while occupied as a dwelling house. It was essen-

tial for plaintiff to prove that the fire occurred while the premises were occupied as such dwelling house. If it was essential to prove such fact, it was essential to allege it. Each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged. * * * The allegation was not merely a condition precedent, as referred to in section 457 of the Code of Civil Procedure. It went to the very essence of plaintiff's right to recover. Certain conditions subsequent to the right of recovery, matters of defense, the nonperformance of conditions subsequent, and certain negative prohibited acts need not be pleaded by plaintiff; but the rule does not extend to the essence of the cause of action. The facts alleged in this complaint may all be true, and yet the plaintiff not be entitled to recover. She could not recover unless she proves more than the complaint alleges. It was therefore error to overrule the demurrer.' The insurer was not liable upon the policies at all, except upon proof that the loss occurred within the terms of the policy. It was therefore essential to the statement of any cause of action that a loss within the terms of the policy should be alleged. That the houses were occupied as dwelling houses at the time of the fires, and that the furniture was at such times contained in the specified house, were essential to any liability on the part of defendant, and therefore essential to the statement of a cause of action. Not being alleged, they must be taken as having no existence. *Hildreth v. Montecito Water Co.,* 139 Cal. 22-27, 72 Pac. 395. The complaint lacked essential and necessary allegations in a case of this character, and was fatally defective. *Burbridge v. Rauer,* 146 Cal. 21, 25, 79 Pac. 526."

This doctrine is well supported by authority. 4 Cooley's Briefs says:

"Generally the insured must allege that the destroyed property was in the location described in the policy."

See *Todd v. Germania Insur. Co.,* 1 Mo. App. 472; *Wright v. Bankers' & Merchants' Town Mut. Fire Ins. Co.,* 73 Mo. App. 365; *Pence v. Mercantile, etc., Ins. Co.,* 106 Mo. App. 402, 80 S. W. 746; *Cooledge v. Continental Ins. Co.,* 67 Vt. 14, 30 Atl. 798; *Powers v. New England, etc., Co.,* 68 Vt. 390, 35 Atl. 331.

But the cause will not be reversed on that account, for the reason that, after a general denial, the answer, construed with a view to substantial justice, fairly admits a loss of the household and kitchen furniture under the policy; thus:

"Defendant admits that on the 13th day of December, 1911, it issued to the plaintiff herein its certain fire insurance policy No. 1250, at its Bartlesville, Okla., agency, in the sum of $1,000, covering $600 on the one-story shingle-roofed frame building situated on the northwest corner of the Bartlesville Foundry & Machine Works Company's ground, east of the Lanyon-Starr Smelter in said county; and $400 on the household and kitchen property therein contained; and that said property was destroyed by fire on the 17th day of January, 1912."

There being admittedly only one fire, which destroyed both building and goods, it may be fairly inferred that defendant intended to admit that the goods were in the building at that time. In fact, further on in the answer, after seeking to avoid the policy by setting up certain provisions hereinafter mentioned, by way of a special defense, defendant specifically admits that the goods were in the house at that time, and the same was then used as a dwelling house; thus:

"* * * That the dwelling house destroyed by fire and the household and kitchen furniture therein contained was insured by this defendant as the property of said assured, by reason of the fact. * * *"

It has been repeatedly held that facts thus admitted in a special defense so far modify a general denial as to be taken as true, without proof, and that, too, for all purposes.

In *Wiley v. Keokuk*, 6 Kan. 94, as here, after a general denial, an admission was made in pleading a special defense. The court, in charging the jury, assumed it as true, and said in the syllabus:

"Whatever is admitted in a special defense operates so far as a modification of a 'general denial,' and is to be taken as true without other proof."

31 Cyc. 211, uses this same language, and cites in support thereof *Bierer v. Fretz,* 32 Kan. 329, 4 Pac. 284, where Brewer, J., applies the doctrine to cure a defective allegation in the petition. Cyc. also cites *Butler v. Kaulback,* 8 Kan. 668, where the court, speaking of defendant's answer, which, as here, contained a general denial and a special defense, said:

"* * * It is pretty well settled that facts admitted by the pleadings cannot be disputed by the evidence, but must be taken as true for the purposes of the action. * * *"

In *Rohman v. Gaiser,* 53 Neb. 474, 73 N. W. 923, an admission in an answer set forth as here was taken as true in considering whether the verdict was supported by sufficient evidence. In that case the court said the admission need not be proved. Whether, then, the admission in the answer that the house was occupied as a dwelling, and the goods were therein contained at the time of the fire, supplied the absence of such allegation in the petition we need not say, for true it is that such admission obviated the necessity of either allegation or proof of those facts by plaintiff and rendered harmless the error of the court in overruling the demurrer to the petition. See *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359; *Am. Ins. Co. v. Rodenhouse,* 36 Okla. 211, 128 Pac. 502.

Neither did the court err in directing a verdict for plaintiff. To defeat recovery, defendant alleged, and the evidence disclosed, that this policy was in renewal of a policy first issued December 13, 1907, and renewed from year to year covering the same property; that no written application was made therefor or for any of the renewal policies, including the one sued on, which issued December 13, 1911; that, at the time the original policy issued, the building insured was therein described, and it was located on certain land in Bartlesville, the property of the Bartlesville Foundry & Machine Works, and this description runs through all the policies; that insured was the manager of said company, and by its consent had erected said building and owned and occupied it as a dwelling up to the time of the loss; that, said company becoming financially embarrassed, a deed of trust was foreclosed upon said land, including the site of said house, and the land sold to one of the trustees named in the deed of trust; that thereafter said trustee sold and conveyed the same to Union Machine Works; and that the title thus passed intermediate the issuance of the original policy and the policy sued. On this state of facts the question is, the insured having failed to inform the defendant of said change in the title at the time this policy issued, whether defendant can be heard to say that the same is void from its inception on account of fraud. The policy reads:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing touching this insurance or the subject-matter thereof, whether before or after a loss."

Assuming that this change of title was material to the risk, the evidence being undisputed that, at the time the agent received the premium and delivered the policy, he had knowledge of the facts concerning the change, defendant cannot be heard to take advantage of that fact, and that, too, although the policy further provides that none of the company's officers or agents can waive any of the provisions, except in writing indorsed upon the policy. In *Western Nat. Ins. Co. v. Marsh*, 34 Okla. 414, 125 Pac. 1094, speaking through Ames, C., we said:

"When a local agent of a fire insurance company, who has the power to accept a risk and deliver the policy of insurance, at and prior to the time of the delivery of the policy, is advised and has full knowledge of the fact that other insurance upon the property is in force, and with that knowledge accepts the premium and delivers the policy, such policy is binding upon the company, notwithstanding the fact that it contains a provision prohibiting the existence of concurrent insurance without written consent thereto indorsed on the policy, and notwithstanding it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing indorsed on the policy."

See, also, *Insur. Co., etc., v. Little*, 34 Okla. 449, 125 Pac. 1098.

In *Merchants', etc., Insur. Co. v. Marsh*, 34 Okla. 453, 125 Pac. 1100, in the syllabus we said:

"A local agent of an insurance company, who has authority from the company to solicit, execute, and deliver contracts of insurance, has power to waive the conditions of the policy, such as the 'additional insurance clause' and the 'incumbrance clause,' at the time of the execution and delivery of the policy."

These cases are distinguished from *Des Moines Insur. Co. v. Moon*, 33 Okla. 437, 126 Pac. 753, *Phoenix Ins. Co. v. Ceaphus*, 29 Okla. 608, 119 Pac. 583, and others, by reason of the fact

that in those last mentioned the risk attached prior to statehood. In cases arising since that time we will not follow them. It will not do to say that the company was not chargeable with the knowledge of Mullen, the agent, who accepted the risk and delivered the policy, as to the change in the title at the time the policy was issued. This for the reason that, although he did not receive that knowledge direct from the insured, he did receive it from Rowland, one of the trustees in the deed, who bought the property and whose undisputed testimony reads:

"Q. State whether or not, subsequent to the issuance of said deed—issuance and delivery of said deed (sheriff's deed to L. A. Rowland)—and prior to December 13, 1911, you had any conversation with J. H. Mullen of Bartlesville respecting the transfer of the property, and the change that had been made in the title thereto. A. I did have a conversation with Mr. Mullen either on or about June 30, 1911. The property was transferred by me to the Union Machine Company, and at that time there was indebtedness due Mr. Mullen for insurance on the Bartlesville Foundry & Machine Works property which had been unpaid, * * * and on June 30th, or about that time, Mr. Mullen and I had a conversation respecting the condition of the property and the transfer that had been made, and on that day I paid Mr. Mullen the insurance that had previously accrued on the property, and at that time we discussed the matter of change in title of that property and of showing that the Union Machine Company had been organized and that the property had been transferred to it. * * *"

There is no merit in the contention that said transfer of title to the land carried with it the title to the building insured, and hence plaintiff, not being the owner of said building at the time this policy issued, had no insurable interest therein. This for the reason that nowhere does it appear that said building was a part of the freehold and passed with the title to the land. Neither does it appear that the decree in the foreclosure suit attempted to affect plaintiff's interest therein or ownership thereof. There is no merit in the remaining assignments of error.

Affirmed.

All the Justices concur.