## MILLER v. CONNECTICUT FIRE INS. CO.

No. 5911. Opinion Filed March 9, 1915.

(151 Pac. 605.)

INSURANCE—Action on Fire Policy—Petition—Sufficiency. Where a standard policy insures plaintiff against loss by fire of certain merchandise "while located and contained as described herein, and not elsewhere, to wit: * * * $—— on two-story concrete building, * * * situated in Tahlequah, Oklahoma, being [on] lots 2 and 3 and 4, block 41. * * * $400 on stock of merchandise * * * only while contained in the building * * * above described"—a petition which fails to state that at the time of the fire the insured merchandise was therein contained fails to state a cause of action.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. De Graffenried, Judge.*

Action by L. Miller against the Connecticut Fire Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Brook & Brook,* for plaintiff in error.

*Scothorn, Caldwell & McRill,* for defendant in error.

TURNER, J. From a judgment of the district court of Muskogee county sustaining a demurrer to his petition, L. Miller, plaintiff in error, brings the case here. The petition discloses that on October 23, 1911, plaintiff sued defendant, Connecticut Fire Insurance Company, on its standard policy insuring certain of his property against loss by fire between noon of May 11, 1910, and noon of May 11, 1911—

"while located and contained as described herein and not elsewhere, to wit: * * * $—— on two-story concrete building * * * situated in Tahlequah, Oklahoma, being [on] lots Nos. 2 and 3 and 4, block 41. * * * $400 on stock of merchandise * * * only while contained in the building * * * above described."

A total loss occurred in September, 1910. The policy, made a part of the petition, also provides that the loss shall not become payable until after 60 days after notice of proof of loss, as therein required, is furnished to the company, and that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance with all the foregoing requirements, nor unless commenced within twelve months next after the date of the fire."

It seems that the principal question arising on the demurrer is whether, on the face of the petition, the bar of limitation has fallen on the suit. Plaintiff contends that it has not, because, he says, the limitation does not begin to run until after the expiration of the 60 days within which he has to file his proof of loss. On the other hand, defendant contends it has, because, says defendant, limitation begins to run from the date of the fire. It seems that in sustaining the demurrer the court held that it had, but whether the court so held or not we have no means of knowing. If the court did so hold, whether it was wrong we need not say, for the reason that, aside from that question, the petition is demurrable on at least one other ground, in that it fails to state that, at the time of the fire, the insured merchandise was located in the building described in the policy.

This precise point was passed on in *Germania Fire Ins. Co. v. Barringer*, 43 Okla. 279, 142 Pac. 1026. There we said:

"Although the policy recites that the building was only insured while occupied as a private dwelling house, and the household and kitchen furniture while contained therein, the petition fails to state that, at the time of the fire, the building was so occupied, and that the personal property was therein contained. For this reason, it is contended, the court erred in overruling the demurrer thereto. These were necessary allegations; necessary for the reason that, failing so to state, the petition fails to state facts sufficient

to constitute a breach of the contract of insurance, for it is clear defendant would not be liable if the goods were destroyed located elsewhere."

After quoting from *Arnold v. American Insurance Co.,* 148 Cal. 660, 84 Pac. 182, 25 L. R. A. (N. S.) 6, and 4 Cooley's Briefs, 3011, where he says:

"Generally the insured must allege that the destroyed property was in the location described in the policy."

—we cited abundant authority in support of the proposition, and in the syllabus said:

"Where a standard policy insures plaintiff against loss by fire, to an amount not exceeding $1,000, certain property 'while located and contained as described herein, and not elsewhere, to wit, * * * $600 on the one story * * * building * * * while occupied as a private dwelling house and situated on the northwest corner of the B. F. & M. grounds,' and '$400 on all his household and kitchen furniture while contained in the above-described building,' a petition which fails to state that, at the time of the fire, the building was so occupied, and the personal property was therein contained, fails to state a cause of action."

Affirmed.

All the Justices concur.