### 6382.  COMMERCIAL UNION ASSURANCE COMPANY v. LYON & KELLY.

BROYLES, J.  1.  Though a fire-insurance policy covering an automobile provides that a change of ownership of the property, without the written consent of the insurance company, renders the policy void, and that agents of the company can not waive any provisions of the policy unless such waiver is written upon the policy or attached thereto, yet where the local agent of the company knew, *before* he issued the policy to A, that the automobile had been sold by A to B, the company was bound by such knowledge, and was estopped from setting up, as a defense to a suit upon the policy, the non-compliance of the plaintiff with these provisions of the policy.  *Mechanics Ins. Co.* v. *Mutual Building Asso.,* 98 *Ga.* 262 (1), 266 (25 S. E. 457); *Phenix Insurance Co.* v. *Searles,* 100 *Ga.* 97 (27 S. E. 779); *Johnson* v. *Ætna Ins. Co.* 123 *Ga.* 404 (1), 410 (51 S. E. 339, 107 Am. St. R. 92); *Springfield Fire Ins. Co.* v. *Price,* 132 *Ga.* 687 (64 S. E. 1074), and cases therein cited; *Rome Ins. Co.* v. *Thomas,* 11 *Ga. App.* 539 (4), 544 (75 S. E. 894); Germania Insurance Co. *v.* Barringer, 43 Okla. 279 (142 Pac. 1026).

2. There was conflict in the evidence as to whether the automobile was sold on April 29, 1911 (the date the policy sued on was issued), or on May 11, 1911, but that issue was settled by the jury.

3. There was also a dispute as to whether the insurance company, at the time it issued the policy, was fully informed of the sale of the automobile by Lyon & Kelly (the plaintiffs) to one Rogers; but the verdict settled that question also.

4. Under the facts as disclosed by the record, we can not hold that the verdict rendered was excessive.

5. There was evidence to authorize the verdict, and no error requiring a reversal appears in the charge or in the rulings during the trial.

*Judgment affirmed.*

DECIDED JANUARY 7, 1916.

Action on insurance policy; from city court of Richmond county —Judge W. F. Eve.   January 9, 1915.

*King & Spalding, O. R. Eve, Holden, Shackelford & Meadow,* for plaintiff in error.

*C. H. & R. S. Cohen, W. K. Miller,* contra.