## AMERICAN CENT. INS. CO. v. BOYLE.

No. 8383—Opinion Filed March 12, 1918.

(171 Pac. 714.)

**Insurance — Fire Insurance —Petition — Cause of Action.**

Where a fire insurance company issues its standard policy insuring plaintiff against loss by fire of certain personal property therein described, "while located and contained as described herein, and not elsewhere, to wit: [Describing the building wherein the property is located]," a petition which fails to state that at the time of fire the insured property was located in said building fails to state a cause of action. Miller v. Conn. Fire Ins. Co., 47 Okla. 42, 151 Pac. 605.

(Syllabus by Pryor, C.)

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Charles May, Constable, against J. W. Boyle and the American Central Insurance Company, with cross-petition by defendant Boyle. Demurrer of American Central Insurance Company to the answer of cross-petition of defendant Boyle overruled, and judgment rendered for Boyle against the company, and it brings error. Reversed, and cause remanded, with directions for a new trial.

Scothorn & McRill, for plaintiff in error.

Geo. Trice, for defendant in error.

Opinion by PRYOR, C. This action was commenced on the 26th day of February, 1914, in the district court of Coal county, Okla., by Chas. May, constable, against J. W. Boyle and the American Central Insur-

ance Company, to recover on a certain insurance policy given to insure against loss by fire. The questions presented on appeal arise out of the controversy between the insurance company and J. W. Boyle, the insured. The policy sued upon was issued by the insurance company to J. W. Boyle, insuring property belonging to the said Boyle. In his answer to the petition of the plaintiff, Chas. May, and in his cross-petition against the said insurance company, the said Boyle claimed that he was the owner of the property insured, and was entitled to the proceeds provided for in the policy for the loss sustained by reason of the destruction of his property. The defendant the American Central Insurance Company demurred to the answer and cross-petition of J. W. Boyle on the ground that the cross-petition did not state facts sufficient to constitute a cause of action against it. The demurrer was overruled by the trial court, and on trial judgment was rendered for the cross-petitioner, J. W. Boyle, against the insurance company, from which judgment the insurance company appealed.

There are several questions raised on appeal by the insurance company, but the only question that is deemed necessary to decide is the question as to whether or not the petition states facts sufficient to constitute a cause of action. The policy sued upon is the Oklahoma standard fire insurance policy provided for in section 3482, Revised Laws of 1910, which contains the provision that the property shall be insured against loss while located on premises described in the policy, and not elsewhere.

It is the contention of the insurance company that the cross-petition of the insured, Boyle, does not state a cause of action in that it fails to allege that the property at the time that it was alleged to have been destroyed by fire was located in the building in which it was located at the time of the issuance of the policy, and in which it was to remain during the continuance of the policy. The allegation of the cross-petition in regard to the destruction of the property covered by the insurance policy is as follows:

"That thereafter, to wit, on or about the 9th day of January, A. D. 1914, the defendant's stock of merchandise covered by said policy of insurance was totally destroyed by fire; that the value of said stock of merchandise so destroyed by fire at the time of its loss was the sum of eight hundred dollars ($800.00)."

This question has been presented squarely to this court in several cases, and it has been decided by this court that an allegation that

the property was located at the time of its destruction on the premises or in the building as provided in the policy is essential to the legal sufficiency of the petition, and a petition that fails to contain this allegation is fatally defective. Miller v. Conn. Fire Ins. Co., 47 Okla. 42, 151 Pac. 605. There was neither amendment made at the trial of said cause, nor is there any evidence curing this defect in the petition. Therefore, under the above authority, it must be held that the petition fails to state facts sufficient to constitute a cause of action.

It follows that the judgment of the lower court should be reversed, and the cause remanded, with directions for a new trial.

By the Court: It is so ordered.