## TRABER v. HOUSE.

No. 15282—Opinion Filed July 7, 1925.

1. **Master and Servant—Agency — Injuries by Automobiles — Rule for Determining Liability of Owner.**

What is known as "the family purpose doctrine" has never obtained in this state as a rule for determining liability of the owner of an automobile for damages resulting from the negligent operation thereof, but such liability is determinable solely under the rules of law applicable to the relation of principal and agent, or master and servant.

2. **Same—Instructions — Confusing Two Theories—Prejudicial Error.**

In such a case, where the trial court submits to the jury in two paragraphs of its instructions "the family purpose doctrine", and unequivocally announces that to be the applicable law, such instructions are prejudicially erroneous, and the fact that the court thereafter in other paragraphs instructs the jury as to the law of principal and agent and of master and servant only results in confusing and misleading the jury as to the correct rule to be applied in determining liability upon the facts in evidence.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by L. Guy House against H. L. Traber. Judgment for plaintiff, and defendant brings error. Reversed.

This action was commenced February 15, 1923, by plaintiff, L. Guy House, filing his petition in the district court of Muskogee county against the defendant, H. L. Traber, in which it was alleged in substance that on or about October 13, 1922, while plaintiff was crossing Okmulgee avenue in the city of Muskogee, he was struck by an automobile owned by the defendant, resulting in serious and permanent injuries to the plaintiff; that at the time of said accident the car of the defendant was being operated by one Clare Rushmore, a minor, about 18 years of age, and who was the agent of and acting for the defendant; that said car was being driven at a high rate of speed and in total disregard of the traffic laws regulating the driving of automobiles within the city of Musko-

gee; that said automobile had been purchased and was being kept by the defendant for the pleasure, comfort and business of himself and family and those residing with him, and that the use of said car by the said Clare Rushmore had been permitted by the defendant, who well knew the careless and imprudent way in which said Clare Rushmore operated said automobile; that as a result of said injuries so suffered by plaintiff he incurred a large expense for medical treatment and suffered permanent injuries, for which he prayed judgment in the sum of $20,130.84.

Defendant answered by a general denial, and as a special answer and defense, denied specifically that the said Clare Rushmore was the agent of or acting for the defendant in the operation of said automobile at the time of the injury, and denied that the said Clare Rushmore was the servant of the defendant or engaged in defendant's business, or upon any mission for the defendant at the time of the alleged injury; defendant specially pleaded contributory negligence on the part of the plaintiff which contributed to the injuries complained of by him, if any were received.

Plaintiff replied by a general denial and specifically denied the allegations of contributory negligence contained in defendant's answer. Upon the issues thus framed the cause was submitted to a jury resulting in a verdict in favor of the plaintiff for the sum of $5,000. After unsuccessful motion for new trial, defendant, H. L. Traber, has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

John E. M. Taylor and Guy F. Nelson for plaintiff in error.

Archibald Bonds and Kelly Brown, for defendant in error.

Opinion by LOGSDON, C. There are 20 assignments of error in the petition in error, but they are all grouped and presented in defendant's brief under four propositions. The first proposition presents alleged error of the trial court in overruling defendant's demurrer to plaintiff's petition, on the ground or insufficiency of facts pleaded. This contention is based upon the omission from plaintiff's petition of the specific allegation that at the time of the injury complained of defendant's alleged agent was acting within the scope of his authority. The existence of the agency was specifically and sufficiently alleged in the petition, and upon the demurrer these allegations are admitted to be true. The allegation in the petition, "that the automobile which struck this plaintiff was driven by one Clare Rushmore, who is a minor and approximately 18 years of age, and who was the agent of and acting for the defendant", must, on demurrer, be construed to mean that at the exact instant of the injury complained of, the alleged agent was so acting in the capacity of agent. Pleadings attacked by demurrer should be liberally construed in favor of the pleader where material allegations are merely defectively stated and not wholly omitted. Smith-Wogan Hdw. Co. v. Moon Buggy Co., 26 Okla. 161, 108 Pac. 1103; Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 153 Pac. 1151; Jackson v. Moore, 79 Okla. 59, 191 Pac. 590; Ross v. Breene, 88 Okla. 37, 211 Pac. 417. There was no error in the action of the trial court in overruling this demurrer.

Pretermitting for the present the second proposition, defendant's third proposition will be next considered. This embraces several of the assignments of error, and in effect questions the correctness of the theory on which the case was tried. Errors in the instructions of the court constitute the main reliance of defendant under this proposition, and a correct conclusion thereon will be determinative of the merits of this proceeding.

What is known as "the family purpose doctrine," with reference to the liability of the head of a family owning an automobile for negligent use thereof by a member of that family, has never obtained in this state, and that rule has never been approved in any reported case from this court. The first and leading case in this jurisdiction on automobile accident liability is that of McNeal v. McKain 33 Okla. 449, 126 Pac. 742. Being the case of first impression in this branch of the law of negligence in this state, the facts of that case afforded ample opportunity for this court to approve and adopt "the family purpose doctrine." Instead of doing so, however, Justice Williams expressly refused to approve it, and rested the decision on the relation of master and servant, the minor son in that case being engaged at the time of the accident in driving the car for the pleasure of his sister and a family guest. The next case of this character determined by this court is Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894, in which "the family purpose doctrine" was not even remotely involved. Next in sequence is Dillingham v. Teeter, 91 Okla. 165, 216 Pac. 463. That decision was expressly rested upon the facts, which showed that while the son was using the car

for a purpose expressly authorized by the father the accident occurred. The relation of master and servant was held to have existed. In the next case, McCullough v. Harshman, 99 Okla. 262, 226 Pac. 555, it was sought to sustain the judgment of the trial court by authorities recognizing "the family purpose doctrine," but this court approved and followed the dissent from that doctrine announced in the McNeal v. McKain Case, holding that the correct rule of liability was to be found in the law of agency and of master and servant. Stumpff v. Montgomery, 101 Okla. 257, 226 Pac. 65, again expressed the dissent from "the family purpose doctrine" expressed in the McKain Case and in the Harshman Case. So it may be said to be established in this state that "the family purpose doctrine," as a rule for determining liability, has no application to negligence cases arising from the operation of automobiles.

The trial court in the instant case gave as its third instruction to the jury the following, to which exception was duly taken and allowed:

"You are further instructed that when the head of a family furnishes an automobile for the pleasure and convenience of his family, or the members thereof, the use of such vehicle for such purpose is his affair, or business, and any member of the family driving the automobile with his consent, either expressly or implied, is the agent of the father, or head of the family, and the said head of the family is liable for the negligence of the one so using the automobile. And you are further instructed that where the head of the family has furnished an automobile for the convenience of his family, and permits the various members of his family to drive it, and the member thereof driving the machine at his own pleasure, unaccompanied by any other member of the family, is, nevertheless, engaged in the business of the head of the family, and the said head of the family would be liable in damages for any injuries resulting from his negligence in driving said car. And in this connection, gentlemen of the jury, you are instructed that if the said Clare Rushmore, who is the nephew of the defendant herein, was taken into defendant's home, where he was clothed, boarded and schooled by the defendant, and otherwise treated as a member of defendant's family, the defendant adopted the relationship of father and son between himself and the said Clare Rushmore, and by reason thereof the said defendant would be liable for the negligent acts of the said Clare Rushmore, in the same manner as if the relationship of father and son actually existed."

This was a clear and unequivocal submission to the jury of "the family purpose doctrine" as the law of the case, and its harmful and pernicious effects were accentuated by instruction No. 4, wherein the jury was further instructed that if a member of defendant's "household," as distinguished from his family, used the car permissively, this raised a presumption that defendant was responsible for its operation. This goes further than the most ardent advocate of "the family purpose doctrine" has ever hitherto gone. The driver of the car in the instant case was defendant's 18-year old nephew, who was residing with him while engaged in lucrative employment in Muskogee. This instruction was also excepted to. A servant who lives upon the premises, and a boarder who shares the family shelter and its table comforts, are both members of the "household," but no rule of law recognizes them as members of the family. The law of agency and of master and servant was submitted to the jury in other paragraphs of the instructions, but its controlling effect was neutralized and its operation as the correct legal rule for determining liability was rendered doubtful by the language of the third and fourth instructions. Such conflict and inconsistency in instructions cannot be otherwise than confusing and misleading to a jury. This court has uniformly condemned such practice in instructing juries. First Nat. Bank v. Nolen, 59 Okla. 20, 157 Pac. 754; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538; Nero v. Nero, 80 Okla. 185, 195 Pac. 492; First Nat. Bank v. Cox, 83 Okla. 1, 200 Pac. 238. As instructions 3 and 4 are prejudicially erroneous and in conflict with other instructions, their harmful effect will be presumed.

Returning now to defendant's second proposition, it is insisted that the court erroneously admitted in evidence, over objections and exceptions of defendant, proof of statements made by Clare Rushmore at plaintiff's home soon after the accident, to the effect that he was driving the car, that he was traveling about 30 miles an hour that he was sorry the accident happened, and that it was his fault. Defendant was not present when these statements are alleged to have been made. Under "the family purpose doctrine," the presence or absence of the defendant would be immaterial upon the admissibility of these statements, and the testimony was doubtless admitted upon that theory. Upon another trial under the correct theory of the reciprocal relations existing between Clare Rushmore and the defendant, this evidence will probably not be offered or admitted unless rendered competent by other preliminary proof deemed sufficient for that purpose. It

is therefore not considered proper to pass upon its admissibility and competency as now presented.

For the prejudicial error in giving instructions numbered 3 and 4, defendant's fourth proposition must be sustained, which is that the trial court committed reversible error in overruling the motion for new trial. The judgment of the trial court is therefore reversed, with directions to grant defendant a new trial, and for further proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.