Note.—See under (1) 2 C. J. p. 562, §204; p. 584, §223; 21 R. C. L. p. 908; 3 R. C. L. Supp. p. 1202. (2) 2 C. J. p. 919, §647; p. 923, §662; p. 925, §665; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1193. (3) 2 C. J. p. 476, §93; anno. L. R. A. 1918C, 222, 21 R. C. L. p. 928; 3 R. C. L. Supp. p. 1204; 4 R. C. L. Supp. p. 1489. (4) 2 C. J. p. 954, §726; p. 956, §727.

---

## FIREMEN'S FUND INS. CO. v. BOX.

No. 16750—Opinion Filed Sept. 14, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Insurance — Fire Policy—Location of Personal Property—Burden of Proof.**

When it is stated in a fire insurance policy that the company insures certain property "while located and contained as described herein and not elsewhere," it is incumbent upon plaintiff to allege and prove that the property destroyed was therein contained at the time of the loss.

**2. Same—Sufficiency of Petition.**

When the petition alleges that the property insured was located in the building described in the policy on the 27th day of March, 1924, and in another paragraph alleges that on the 1st day of June, 1924, and while said policy, was still in force, the said stock of merchandise, the property hereinbefore mentioned and covered by said insurance, was totally destroyed by fire, it will be inferred that the pleader intended to allege that the said property was so located at the time of the fire, and the petition will be held sufficient as against a general demurrer.

**3. Pleading—Liberal Construction Upon Demurrer.**

Pleadings attacked by demurrer should be liberally construed in favor of the pleader where material allegations are merely defectively stated and not entirely omitted.

**4. Appeal and Error—Discretion of Lower Court—Amendment of Pleadings.**

The matter of the allowance of an amendment to pleadings rests within the sound discretion of the trial court, and the action of the trial court will not be disturbed on appeal unless there is an abuse of discretion.

**5. Insurance—Action on Fire Policy—Measure of Damages to Merchandise Stock and Fixtures—Instruction.**

An instruction to the effect that in determining the amount of plaintiff's recovery the defendants cannot be held to be liable beyond the actual cash value of the property at the time any loss or damage occurs, less whatever value said property may have had after the fire, and that the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deductions for depreciations, however caused, and shall in no event exceed what it would then cost the plaintiff to repair or replace

said store fixtures and merchandise with material of like kind and quality, correctly states the law with reference to the measure of damages applicable to the issues involved in the instant case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by P. J. Box against Firemen's Fund Insurance Company et al., to recover damages for losses of merchandise and fixtures under certain fire insurance policies. Judgment for plaintiff, and defendants bring error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiffs in error.

Hayson & Lukenbill, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, P. J. Box, carried fire insurance with the plaintiffs in error upon his stock of merchandise and fixtures contained in a certain store building located at No. 28, Broadway Circle, Oklahoma City, and on the 1st day of June, 1924, he had $11,500 insurance on his stock and $6,500 insurance upon the fixtures. On the 1st day of June, 1924, a fire occurred in said building which resulted in the loss or damage to the said stock of merchandise and store fixtures. Thereafter the defendant in error made a detailed statement and proof of loss. An attempt to arrive at an adjustment was unsuccessful, and the defendant in error instituted an action against each of the plaintiffs in error in the district court of Oklahoma county. The parties will be referred to as they appeared in the trial court.

The defendants filed their demurrers to the petitions of the plaintiff, which demurrers were overruled and exceptions saved. Thereafter to these respective petitions of the plaintiff the defendants filed their seperate answers, wherein each of the defendants specifically denies the allegations and statements contained in said petitions save and except only such allegations thereof as are specifically admitted in their answers. Each of said defendants admits that it is an insurance company duly authorized to write fire insurance under the laws of the state of Oklahoma. and each of said defendants further answering, admits that it executed and delivered to the plaintiff the respective fire insurance policies on the dates and for the amounts as alleged by the plaintiff, and that "upon the date of the fire in plaintiff's petition mentioned there was fire insurance upon the property in said policy de-

scribed"; and further answering, the defendants state that the alleged loss and damage to the property of the plaintiff mentioned in his petition resulted directly and proximately from a cause, casualty, means, hazard, or peril not insured against or covered or contemplated by said contract or policy of insurance sued upon herein, and that if the stock of merchandise and store fixtures were injured or destroyed by fire, that the destruction or injury to said property was due to the acts or conduct of the plaintiff, and that by reason thereof the plaintiff cannot recover.

To the respective answers of the defendant insurance companies the plaintiff filed his reply, wherein he denies all of the allegations of the respective answer which in any manner controvert the allegations of his petition.

The causes came on for trial to a jury, and under agreement of counsel were consolidated under No. 44687, in the trial court. After the plaintiff introduced his testimony and rested, the defendants demurred to the testimony, which demurrer was overruled and exceptions saved. The defendants then introduced their testimony and rested, and the plaintiff introduced his testimony in rebuttal thereof. Thereupon the defendants moved for an instructed verdict which motion was overruled and exceptions reserved. A verdict was returned for the plaintiff and against the defendants for damages for loss on the stock of merchandise in the sum of $2,120 and for damage to fixtures in the sum of $4,383.

The defendants moved for judgment notwithstanding the verdict, which motion was overruled and exceptions allowed. Motion for a new trial was filed, at which time the court permitted an amendment to the petitions to conform to the proof. and then overruled the motion for a new trial, to which ruling of the court the defendants excepted and have duly appealed to this court by petition in error and case-made attached.

The defendants' several assignments of error are presented under the following propositions: First, that the petition of plaintiff filed in each of said causes as consolidated, wholly failed to state a cause of action in that same did not allege that the property destroyed by fire was located at the place described in the policies; second, that where the petition fails to allege that the property was located at the time of the fire at the place described in the policy, and evidence is admitted over objections and exceptions of the defendant, the petition can-

not be amended after the trial to conform to the facts proven; third, that the measure of damages to the fixtures was what it would cost to repair and replace the fixtures with materials of like kind and quality, and fixtures under the evidence having been shown to be susceptible of repair, and the plaintiff not having established his measure of damage, was not entitled to recover as to the fixture items; fourth, that the court erred in overruling motion for new trial.

The petition in this case and in each of the several causes as consolidated are alike except as to the names of the defendants and the amounts sought to be recovered for the loss occasioned by the fire. It is earnestly insisted that the petitions in question wholly failed to state a cause of action, and that the demurrers should have been sustained and that the court having failed so to do the same constitutes reversible error, entitling the defendants to a new trial in each of the several causes as consolidated. In support of this proposition decisions of this court are cited to the effect that an allegation that the property was located at the time of its destruction on the premises, or in the building, as provided in the policy, is essential to the legal sufficiency of the petition. American Cent. Ins. Co. v. Boyle, 69 Okla. 195, 171 Pac. 714; Miller v. Connecticut Fire Ins. Co., 47 Okla. 42, 151 Pac. 605; Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026.

In the first case hereinabove cited it appears that the allegation of the cross-petition in regard to the destruction of the property covered by the insurance policy is as follows:

"That thereafter, to wit, on or about the 9th day of January, A. D. 1914, the defendant's stock of merchandise covered by said policy of insurance was totally destroyed by fire; that the value of said stock of merchandise so destroyed by fire at the time of its loss was the sum of $800."

In the opinion it is said:

"There was neither amendment made at the trial of said cause, nor is there any evidence curing this defect in the petition."

In the case of Miller v. Connecticut Fire Insurance Company, supra, the court adopted the holding in the case of Arnold v American Ins. Co., 148 Cal. 660, 84 Pac. 182. It appears from an examination of the Arnold v. American Ins. Co. Case the plaintiff brought a suit upon three insurance policies covering the loss of two houses and household furniture, which losses were sustained in three separate and distinct fires. The court

in passing upon the questions presented uses the following language:

"The complaint nowhere alleged that at the time of any of these fires either house was occupied as a dwelling house, or that the furniture insured was contained in the house No. 735, Stewart street, nor did it allege any facts from which such a conclusion might be inferred or even surmised."

At the close of the opinion the court made the following order:

"The judgment is reversed, and the cause remanded for further proceedings, with directions to the lower court to allow the plaintiff to amend her complaint, if she so desires."

In Germania Fire Ins. Co. v. Barringer, supra, the court said:

"Although the policy recites that the building was only insured while occupied as a private dwelling house, and the household and kitchen furniture while contained therein, the petition fails to state that, at the time of the fire, the building was so occupied. * * * These were necessary allegations. * * *"

The judgment, however, in that case was affirmed, the court holding that the admissions and allegations of the insurance company's answer were sufficient to overcome any defects in the petition. In the body of the opinion it is said:

"There being admittedly only one fire, which destroyed both building and goods, it may be fairly inferred that defendant intended to admit that the goods were in the building at that time."

In the instant case the petition alleged in substance and effect that on the 27th day of March, 1924, the defendant by its agents made its policy of insurance in writing, a copy of which was attached to the petition as a part thereof, and thereby insured the plaintiff against loss and damage by fire to the amount therein stated upon his stock of merchandise, consisting chiefly of groceries, provisions, and meats "all while contained in the two-story composition roof brick building situated at No. 28 Broadway Circle, which building is on lots 3 and 4, block 1, Dale addition to Oklahoma City, Okla. * * *"

The petition further alleged that "on the 1st day of June, 1924, at about the hour of 2:30 a. m., and while said policy was still in force, the said stock of merchandise, the property hereinbefore mentioned and covered by said insurance policy, was totally destroyed by fire, which fire did not happen from any causes excepted in said policy. * * *"

The policy attached to the petition and made a part of it required the plaintiff in case of loss to perform certain duties, one of which was that it was necessary for the plaintiff, upon sustaining a loss, to render to the defendant a proof of loss and to give a detailed and minute description of the fire and the loss caused thereby; and, in addition thereto, to furnish to the defendant:

"The use, occupation, location, possession or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire."

This the plaintiff alleges he did in his petition. The petition alleges:

"The plaintiff duly fulfilled all of the conditions of said insurance policy on his part and immediately gave notice to the defendant of the loss suffered by him by reason of said fire, and responding to said notice the agents and representatives of the defendant met the plaintiff and viewed the loss, and in conjunction with him made an inventory of the same, thereby waiving notice in writing; and within 60 days after said fire plaintiff rendered a statement to the defendant, signed and sworn to by the insurer, and thereby gave the defendant due notice and proof of the fire and loss aforesaid as required by said policy."

We cannot say that the court committed reversible error in overruling the demurrers to the plaintiff's petitions on the ground that it was not sufficiently alleged that the property was in the building at the time of the fire, and we are impelled to conclude that the defendants were in no wise harmed by the overruling of the demurrers, in view of the answers of the defendants and the positive evidence of the fact adduced on the trial, that the property insured was located in the building described in the policies when the fire occurred. The defendants' answers in addition to their general denials set up in each case two separate and distinct defenses. Paragraph five of the answers sets forth a certain condition in the policy for the benefit of the defendant of what is designated as a "reduced rate contribution clause," and alleges that on the date of the fire in plaintiff's petition mentioned there was fire insurance upon the property in said policy described exceeding 90 per cent. of the cash value thereof, and further states "that if this defendant is liable in any amount upon said policy by reason of said fire which the defendant denies," the defendant would only be liable for a fractional portion of the actual loss caused by the fire, the same to be determined as required by the policy. The answer then

sets forth "as a further and second defense * * * that the alleged loss and damage to the property in plaintiff's petition mentioned resulted directly and proximately from a cause, casualty, means, hazard, peril or perils not insured against or covered or contemplated by said contract or policy of insurance sued upon herein," and then states that the loss or damage alleged did not result from any cause, etc., insured against, for which the defendant was or could be liable under the terms of the policy.

In the trial of the case the theory of the defendants was that plaintiff himself had set fire to the building containing the insured property, and witnesses were introduced on the part of defendants in an attempt to prove this defense, and at the close of the testimony counsel for defendants offered three requested instructions upon this defense, all of which requested instructions were given by the court exactly as they were requested.

It clearly appears that the defendants relied chiefly, if not entirely, upon the second defense pleaded in their answers—that the fire occurred by reason of the act of the plaintiff—and that in order to support that defense it became necessary for the defendants to either prove the location of the merchandise and fixtures at the time of the fire or else admit the same. Such admission or proof was necessary to the defense set up in the answers. A careful examination of the evidence shows that the defendants not only assumed that the merchandise and fixtures were in the store building at No. 28 Broadway Circle in Oklahoma City, the place described in the policies of insurance, at the time of the fire, but proved that the property in question was there at the time of the fire. Furthermore, if the petition failed to definitely allege that the plaintiff's property was contained in the building in question, at the time of the fire, as contended, the overruling of the demurrers was not error, in view of the fact that nowhere in any one of these defenses pleaded in the answers did the defendants mention or intimate that at the time of the fire the merchandise and fixtures were not contained in the building or location described in the policies. On the contrary, the defendants admitted that their adjusters came to the place of business of the plaintiff, and took photographs of the interior of the building immediately after the fire; made inventories of the property, and had parties go to the building and make estimates on what it would require to repair the damaged fixtures.

Under this state of facts it is difficult to see wherein the defendants were in any manner prejudiced by the court's ruling on the demurrers.

"'Although a demurrer may have been improperly overruled, yet, if the demurrant was not harmed by such ruling, judgment will not be reversed on account of the harmless error.' (6 Enc. of P. & P. p. 368.)"

See, also, American Ins. Co. of Newark, N. J., v. Rodenhouse, 36 Okla. 211, 128 Pac. 502, with reference to the effect of pleading over after the overruling of the demurrer.

It is the settled rule in this state that pleadings attacked by demurrer should be liberally construed in favor of the pleader where material allegations are merely defectively stated and not entirely omitted. Traber v. House, 112 Okla. 273, 240 Pac. 729, and cases there cited.

The second proposition is based upon the assumption that the petition was fatally defective, in that it failed to properly allege the location of the stock of merchandise and fixtures at the time of the fire, and that there was no evidence offered that was not objected to at the time it was offered as to the location of the stock of merchandise and fixtures, and that the petition could not be amended after the trial to conform to the facts proven.

We have already determined that the petitions were sufficiently definite in the respect referred to as against the general demurrers. The record discloses ample testimony to the effect that the personal property in question was contained in the building at No. 28 Broadway Circle, Oklahoma City, at the time of the fire, and that much of this testimony was not excepted to, and further that the photographs, taken by the defendants were introduced by the defendants as exhibits showing the location of the merchandise and fixtures at the time of the fire to be at No. 28 Broadway Circle, Oklahoma City.

The amendment which the court permitted the plaintiff to make to conform to the proof after the motion for a new trial had been overruled in no wise prejudiced the defendants. The amendment consisted of a statement to the effect that when the property was destroyed by fire it was located in the building and on the premises situated at No. 28 Broadway Circle, Oklahoma City, and at the same place where it was located when insured by the defendants. We think this fact was fairly inferable from the allegations of the original petitions.

The record discloses that in permitting the plaintiff to amend his petition to conform to the proof the court stated that the petitions were good as originally drawn. We concur with this statement of the trial court.

The important and controlling question in the case was whether the defendants were liable under the policies of insurance for the destruction by fire of the plaintiff's property. The amendment, which it appears was made out of an abundance of caution, did not change the issues in any particular involved in the case.

The case of Northwest Thresher Co. v. Mc-Minch, 42 Okla. 155, 140 Pac. 1170. and the several cases cited from other jurisdictions in the briefs of the defendants, are not applicable to the admitted facts disclosed by the record in the instant case.

It is contended under the defendants' third proposition, that before the plaintiff would be entitled to recover on the store fixtures by virtue of section 6767, C. S. 1921, it would be necessary to prove what it would cost to repair and replace the fixtures except when there is a total loss. It is argued that the loss of the fixtures in this case was partial only; that they were susceptable of repair, and that the court did not instruct the jury on the measure of damages with reference to the fixtures, but only with reference to the mercantile stock. This contention cannot be sustained. The record discloses that there was a sharp conflict in the testimony of plaintiff and defendants as to whether these fixtures could have been repaired and replaced. That portion of the court's instructions with reference to the measure of damages reads as follows:

"You are instructed that if the plaintiff has established by a preponderance of the evidence that on the 1st day of June, 1924. a fire occurred in the store room known as 28 Broadway Circle in Oklahoma City, Okla., in which said building or store room plaintiff then and there had a certain stock of merchandise consisting of groceries and meats and certain store fixtures (describing the same), and you further find that the respective named defendants had theretofore issued their policies of fire insurance to plaintiff insuring plaintiff against loss or damage of said stock of merchandise and store fixtures by fire, and that said policies of insurance were on the 1st day of June, 1924. in full force and effect, and that plaintiff has fully complied with all of the terms and conditions of each of said respective policies of fire insurance, and that this plaintiff has suffered detriment by reason of fire in said store building, then, and in that event, the plaintiff is entitled to an affirmative judgment against said named defend-

ants in such sum as you find from a preponderance of the evidence will reasonably compensate him for the damage and injury sustained as the proximate result of said fire, and in determining the amount of plaintiff's recovery the defendants cannot be held to be liable beyond the actual cash value of the property at the time any loss or damage occurs, less whatever value said property may have had, after the fire, and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deductions for depreciations, however caused, and shall in no event exceed what it would then cost the plaintiff to repair or replace said store fixtures and merchandise with material of like kind and quality."

The above instruction fully and fairly stated the law with reference to the measure of damages applicable to the issues involved in the case.

It follows from what has been said that the fourth proposition—that the court erred in overruling the motion for new trial—cannot be sustained.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 514, §721. (2) 26 C. J. p. 488, §688, (3) 31 Cyc. p. 79. (4) 4 C. J. p. 799. §2757; 21 R. C. L. 573; 3 R C. L. Supp. p. 1170; 4 R. C. L. Supp. p. 1421; 5 R. C. L. Supp. p. 1164. (5) 28 C. J. p. 562, §777.