## AETNA INSURANCE CO. v. HUGHES.

No. 17005—Opinion Filed Oct. 12, 1926.

1. **Insurance—Action on Fire Policy— Value and Location of Personalty at Time of Fire as Necessary Allegations.**

In order to constitute a cause of action in a suit on a fire insurance policy, it is necessary to allege the value of the property at the time of the fire; and where grain is insured against loss by fire while in the barn and cribs, the location of the grain at the time of the fire must be alleged.

2. **Same—Sufficiency of Allegation as to Proof of Loss.**

An allegation that all the terms and conditions of the policy sued on have been complied with is a sufficient allegation of proof of loss as against a general demurrer.

3. **Same—Demurrer to Evidence as to Proof of Loss.**

In a suit on a policy which provides that all claims for loss should be forfeited by failure of the insured to furnish proof of of loss within 60 days, unless the time is extended in writing by the insurer, where it is alleged that all the terms and conditions required of the insured have been complied with, and no evidence is offered tending to show that proof of loss was made within 60 days, or that the time had been extended in writing, a demurrer to the evidence should be sustained.

4. **Same—Evidence of Waiver of Proof of Loss Inadmissible Under Allegations of Full Compliance with Conditions of Policy.**

Where it is alleged that all the terms and conditions of the policy have been complied with, evidence of waiver of proof of loss is inadmissible.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Roger Mills County; E. E. Tracy, Judge.

Action by G. M. Hughes against Aetna Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed.

F. A. Rittenhouse, John F. Webster, Frank E. Lee, Olive R. Rittenhouse, and R. U. Livesay, for plaintiff in error.

A. A. Brown, for defendant in error.

Opinion by RAY, C. This appeal is from a judgment on a fire insurance policy. The first ground relied on for reversal is that the court erred in overruling a general demurrer to plaintiff's petition.

The property insured and alleged to have been destroyed by fire was a barn and sheds attached located on the east half of the southeast quarter, section 9, township 11, range 26, Roger Mills county, insured for $800, and grain and seeds while in dwelling, granaries, barns and cribs, insured for $200.

The contention is that the allegations of the petition are insufficient to show an insurable interest at the time the policy was written, the locality or value of the property at the time of the fire, or that proofs of loss were furnished within 60 days after the fire as required by the terms of the policy.

We think that an insurable interest at the time the policy was written and that proofs of loss were furnished to the insurer within 60 days after the fire, were sufficiently pleaded. It is alleged: That plaintiff is a farmer residing on the southeast quarter of section 9, township 16, range 26, in Roger Mills county, and was so residing there on the 17th day of August, 1921 (the day the policy bears date), and at all times since that date the owner of the land in fee, together with the appurtenances and improvements thereon; and that the barn and other property on the premises were covered by the policy. It is also alleged that plaintiff has performed all agreements, stipulations, and conditions in said policy required of him.

The petition does not allege the value of the barn and sheds at the time of the loss, nor that the grain and seeds were in the dwelling, granary, barns, or cribs at the time of the fire. These are necessary allegations to constitute a cause of action. Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 Pac. 1026; Miller v. Connecticut Fire Ins. Co., 47 Okla. 42, 151 Pac. 605; American Central Insurance Co. v. Boyle, 69 Okla. 195, 171 Pac. 714; Security Ins. Co. v. McAlester, 90 Okla. 274, 217 Pac. 430. The demurrer should have been sustained.

The demurrer to plaintiff's evidence also should have been sustained. The policy provides:     ,

"In the event of loss by fire * * * the assured shall * * * within 60 days after the occurrence of said fire or damage, unless such time is extended in writing by the company, render to the aforesaid office a particular account thereof, signed and sworn to by the assured. * * * All claims for loss or damage shall be forfeited by failure of assured to furnish proofs of loss or damage within the time and in the manner above specified."

No evidence was offered as to proof of loss. It has been held by this court in a number of cases that in a suit on a fire insurance policy, conditioned that proof of loss be furnished within 60 days after the fire, it is necessary to submit evidence that proof of loss was furnished in order to establish a cause of action unless the same has been waived by the insurer. St. Paul Fire & Marine Insurance Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354; Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948; Palatine Insurance Co. v. Lynn, 42 Okla. 486, 141 Pac. 1167; North British & Marine Insurance Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 Pac. 845.

Over the objections of defendant some evidence was admitted tending to show that the insurer had waived proof of loss. Waiver was not pleaded and therefore not in issue. Palatine Insurance Company v. Lynn, supra. In other cases it has been held that where the petition alleges compliance with the terms and conditions of the policy, an allegation of waiver contained in the reply will be stricken as a departure, for the reason that under the statute new matter set up in reply must not be inconsistent with the allegations of the petition. Queen Insurance Co. v. Dalyrimple, 60 Okla. 28, 158 Pac. 1154; Merchants &

Planters Insurance Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100; St. Paul Fire & Marine Insurance Co. v. Mountain Park Stock Farm Co., 23 Okla. 79, 99 Pac. 647. Evidence of a waiver is inconsistent with an allegation that terms and conditions of the policy have been complied with, and, therefore, inadmissible.

If the cause is to be tried again the plaintiff should be permitted to amend his petition. For the reasons stated the judgment is reversed, with directions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 488. §688; p. 495, §698. (2) 26 C. J. p. 494, §694;14 R. C. L. p. 1433. (3) 26 C. J. p. 508, §717; 560, §776. (4) 26 C. J. p. 497, §702.