## FIRE ASSOCIATION OF PHILADELPHIA v. CORRELL.

No. 21346. Opinion Filed May 31, 1932.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

George Trice and Denver N. Davison, for defendant in error.

McNEILL, J. This action was brought to recover for loss by fire under a policy of insurance. The plaintiff bought a bankrupt stock of groceries, dry goods, and fixtures in a certain store building in the town of Tupelo, Coal county, Okla., in April, 1927, and on August 24, 1927, the defendant, Fire Association of Philadelphia, a corporation, issued its policy of insurance to plaintiff. Plaintiff alleged that the insured merchandise and fixtures were destroyed by fire January 1, 1928. Judgment was rendered in favor of plaintiff and against the defendant for the sum of $1,872 in the district court of Coal county. The defendant appeals from that judgment and relies upon the following assignments of error:

(1) Error in overruling the demurrer of the defendant to the amended petition of the plaintiff.

(2) Error in overruling the demurrer to the evidence of the plaintiff.

(3) Error in the giving of instruction No. 3.

The policy covered $1,500 on the plaintiff's stock of merchandise, "while contained in the one-story composition roof brick and stone building occupied as a grocery store situated on lot 13, block 23, city of Tupelo, Oklahoma," and also provided that $500 should cover all of plaintiff's furniture and fixtures "only while contained in or attached to the above described building."

Counsel for defendant urge that the amended petition does not allege that the insured property at the time it was destroyed was located at the place where insured, and by reason thereof wholly fails to state a cause of action. To support this contention the following cases are cited: Germania Fire Ins. Co. v. Barringer, 43 Okla. 279, 142 P. 1026; Miller v. Connecticut Fire Ins. Co., 47 Okla. 42, 151 P. 605; American Central Ins. Co. v. Boyle, 69 Okla. 195, 171 P. 714; Aetna Insurance Co. v. Hughes, 120 Okla. 7, 249 P. 908; and Arnold v. American Ins. Co. (Cal.) 84 Pac. 182.

Counsel for defendant also stress the fact that there is no admission in the answer nor is there any testimony in the record that the insured property of plaintiff was located in the building at the time of the fire, and for these reasons the demurrer to the evidence of the plaintiff should have been sustained. In their brief it is stated that an exception was made to the overruling of the demurrer to the amended petition. The record does not show that any exception was made to the overruling of the demurrer to the amended petition.

In view of the aforesaid authorities the petition of plaintiff is not a model. However, the plaintiff does allege that he has performed all of the conditions of said policy on his part. In the absence of any motion to make more definite and certain, which could have been lodged against said amended petition, it may be assumed by inference. at least, under the allegations of said petition, by reference to the policy, attached to the petition, that the recovery, for the loss of the property in question, comes within the terms of the policy only while the said stock of goods and fixtures were contained in the store building mentioned in the policy. There is a lack of positiveness in the allegations of the amended petition that the property insured was contained in the building at the time of loss. The allegations of the amended petition reasonably infer that the property was so located, and we treat the allegations as defectively stated and not as omitted. See Firemen's Fund Ins. Co. v. Box, 123 Okla. 113, 252 P. 433. The evidence warrants the conclusion that the stock of goods and the fixtures were in the store building mentioned in the policy, at the time of the fire. The defendant did not plead as an affirmative defense that the stock of goods were not in the building at the time of the fire, except that it alleged in its answer that plaintiff removed a portion of the same from said building shortly before said fire. It is the duty of a defendant to apprize the plaintiff of any special or affirmative defense attempted to be made by pleading the facts constituting such defense.

Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747.

Some of the foregoing authorities cited by defendant were reviewed by this court in the case of Firemen's Fund Insurance Co. v. Box, supra, 123 Okla. 113, 252 P. 433. In that case it was contended that it was essential to the legal sufficiency of the petition that there be an allegation to the effect that the property insured was located at the time of its destruction on the premises or in the building as provided by the terms of the policy. This court in that case said:

"We cannot say that the court committed reversible error in overruling the demurrers to the plaintiff's petitions on the ground that it was not sufficiently alleged that the property was in the building at the time of the fire, and we are impelled to conclude that the defendants were in no wise harmed by the overruling of the demurrers, in view of the answers of the defendants and the positive evidence of the fact adduced on the trial that the property insured was located in the building described in the policies when the fire occurred."

The rule announced in that case should be applied in the instant case. There was but one fire and one policy of insurance issued. The evidence clearly shows that the building contained a stock of merchandise and fixtures on Saturday night, preceding the fire which occurred during the early hours of Monday morning. The defendant inspected the premises within the period for submission of proof of loss. We find no error in the overruling of the demurrer to the amended petition and the demurrer to plaintiff's evidence.

Counsel for defendant urge that the trial court committed error in the giving of instruction No. 3, in that the instruction did not advise the jury that the stock of goods and fixtures must be located at the time destroyed in the place where insured. The record is silent as to what objection, if any, counsel for defendant raised as to this instruction. It is the duty of the attorney to point out errors of law appearing in instructions when given an opportunity to do so by the court. No requested instruction was offered by the defendant. The record shows that the defendant apparently admitted the fire and raised throughout the trial no question as to the stock of goods and fixtures being in the building at the time of the fire, but confined the defense to matters relating to the amount and value of the stock of goods and fixtures, and the evidence warrants no inference that the stock of goods and fixtures covered by the policy were not in the building mentioned in said policy at the time of the fire.

We are of the opinion that no prejudice has resulted to the defendant by failure of the court to include in its instruction to the jury that, before there could be any recovery, the jury must find that the stock of goods and fixtures must be located on the premises or in the building at the time of the fire.

Judgment affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1), 2 R. C. L. 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title Appeal, § 172.